PROVIDENT TRUST COMPANY OF PHILADELPHIA, a corporation of the State of Pennsylvania, Trustee under the Last Will and Testament of Lucy Carr Rexsamer, deceased,

*vs.*

JOSEPH GRAFF, FRANK GRAFF, JAMES G. SHAW, ETHELWYN MILLER, LUCY MARSHALL, EDWARD BISPHAM, BARBARA WETHERELL, ROSALIE MASON, MARGARET BAKER, MARY E. SHAW, RICHARD REXSAMER BAKER, MARGARET CARR BAKER AND JOHN FREDERICK BAKER.

*New Castle, Jan. 6, 1932.*

*Robert H. Richards,* for the complainant.

*Caleb S. Layton,* for Mary E. Shaw, Richard Rexsamer Baker, Margaret Baker Moran, and Frederick W. Baker, guardian *ad litem* of John Frederick Baker.

*Charles F. Richards, Philip L. Garrett,* and *Francis deH. Janvier,* all of Wilmington, solicitors for the other defendants.

THE CHANCELLOR: The trust created under the will of Mrs. Rexsamer is found expressed in item two thereof, which is as follows:

"Item 2. I give and bequeath unto 'The Provident Life and Trust Company of Philadelphia', a corporation of the State of Pennsylvania, the sum of Fifty Thousand Dollars ($50,000.00), in trust, to hold, invest, call in and re-invest the same and to pay the net income arising therefrom, after the deduction of all necessary charges and expenses, unto my sister, Ida C. Addicks, for and during the term of her life, and upon the decease of my said sister to pay over and deliver, out of the principal of said trust fund by this Item of my will created the sum of Three Thousand Dollars ($3,000.00) unto my nephew, Joseph Graff, now of Chadds Ford, Pennsylvania, and the further sum of Three Thousand Dollars ($3,000.00), out of said principal, unto my nephew, Frank Graff, now of Kennett Square, Pennsylvania, and the further sum of Three Thousand Dollars ($3,000.00), out of said principal, unto my nephew, James G. Shaw, now of New Castle, Delaware, and the further sum of Three Thousand Dollars ($3,000,000), out of said principal, unto my grandniece, Ethelwyn Miller, and the further sum of Three Thousand Dollars ($3,000.00), out of said principal, unto my grandniece, Lucy Marshall, and the further sum of Three Thousand Dollars ($3,000.00), out of said principal, unto my grandnephew, Edward Bispham, and the further sum of Three Thousand Dollars ($3,000.00), out of said principal, unto my grandniece, Barbara Wetherill, and the further sum of Ten Thousand Dollars ($10,000.00), out of said principal, unto my niece, Rosalie Mason, now of Thomasville, Georgia, and the further sum of Ten Thousand Dollars ($10,000.00), out of said principal, unto my niece, Margaret Baker, Wife of Frederick W. Baker, now of Bath, Maine. If my niece, Mary E. Shaw, now of New Castle, Delaware, should survive my said sister, I direct that the said Trustee shall continue to hold the remainder of said principal of said trust fund in trust, as herein prescribed, and shall pay the net income

arising from said remainder, after the deduction of all necessary charges and expenses, unto my said niece, during her life. If my said niece, Mary E. Shaw, should not survive my said sister, or upon the decease of my said niece having survived my said sister, I direct that my said trustee, either upon the decease of my said sister or upon the decease of the said Mary E. Shaw having survived my said sister, as the case may be, shall pay over and deliver one-third of said remainder of said trust fund unto my grandnephew, Richard Rexsamer Baker, absolutely, and another one-third of said remainder of said trust fund unto my grandniece, Margaret Carr Baker, absolutely, and the remaining one-third of said remainder of said trust fund unto my grand-nephew, John Frederick Baker, absolutely, the three last named persons being children of my said niece, Margaret Baker."

On the settlement of the estate of Mrs. Rexsamer, there was an insufficiency of assets to pay the full fifty thousand dollars so bequeathed in trust. That legacy abated with others, so that the trust fund amounted originally to only $37,677.36, and according to the last account passed by the trustees now amounts to a little over $38,000.00.

Ida C. Addicks, the life beneficiary of the trust died June 26, 1931, leaving to survive her all the other persons named as beneficiaries after her decease. The trustee is in doubt, and accordingly seeks to be instructed, as to whether the $38,000.00 in the fund should be exhausted in paying so far as it can the specific sums bequeathed to the several individuals named in Item 2 (totalling $41,000), or whether those bequests of specific amounts should be abated so as to leave remaining in the fund an amount which bears the same proportion to the total in hand as $41,000 bears to the original trust legacy of $50,000.00 named by the testatrix, for the benefit of Mary E. Shaw for life remainder to the two grandnephews and one grandniece in equal shares.

All the gifts of specific sums are to be paid by the trustee "out of said principal," and after these have been made "the remainder of said principal" is to be held for Mary E. Shaw for life, etc. There can be no doubt but that the "principal" to which the testatrix referred was a sum of $50,000.00. While what was to be held for Mary E. Shaw

for life was described as a remainder after the specific amounts had been paid, it was not a remainder in the true sense of the term as it is generally used in the residuary clause of wills which dispose of the rest, residue and remainder. Upon this point, the language of Chancellor Bates in *Harker, et al., v. Reilly,* 4 *Del. Ch.* 72, is in point. In that case a testatrix in execution of a power directed a sale of real estate and disposed of the proceeds first to the payment of debts, then to the payment of specific sums to certain named persons and the residue was given for the use of one Reilly. One of the gifts of a specific sum was void, and it was contended that Reilly should receive it as a part of the residue. The Chancellor *held* otherwise, saying at page 82 of the report of the case:

"The term 'residue' is used not in the general testamentary sense, as comprehending all of a testator's estate left in fact undisposed of, whatever that might chance to turn out, but as descriptive merely of the as yet unascertained balance of the proceeds of sale, which balance becomes, when the sale is completed, an ascertained amount and a specific gift, of that amount."

The principle underlying the decision in that case is the same as is involved here. In the following cases its application is made under circumstances closely paralleling those found in the instant case. *Page v. Leapingwell,* 18 *Ves. Jr.* 463; *Miller v. Huddlestone, L. R.* 6 *Eq.* 65. The result of the authorities is correctly stated in *Section* 881 of *Page on Wills* as follows:

"If, after paying testator's debts and other gifts which have priority over the gift in question, or which rank equally with it, there is not enough of such gift to satisfy all the legacies which are payable out of it, does the deficiency fall, in the first instance, upon the legatee to whom the residue of such gift is to be paid, or is the deficiency to be pro rated among the respective legatees? If the former, it is a true residuary clause; if the latter, it is only a gift of a certain portion of the entire gift. This depends upon whether the property, out of which the gifts are to be paid is a fund of a fixed amount. If it is, the gift which is residuary in form is, in legal effect, a gift of a certain part of the total; and, in case of a deficiency, all the legatees pro rate. If the will shows that testator regards the fund as of a fixed

amount with a chance for more, it is treated as a fixed fund in case of a deficiency, although, by the terms of the gift, any excess passes to the residuary legatee. If the gift out of which the legacies are to be paid is not a fund of fixed amount, the particular residuary clause is a true residuary clause; and the deficiency falls, in the first instance, upon the residuary legatee."

When the testatrix bequeathed the fifty thousand dollars in trust, and directed the payment out of that "principal," after the death of the life beneficiaries, of certain specific sums to various persons, aggregating forty-one thousand dollars, and then disposed of the "remainder of said principal," it was just as though she had specifically mentioned nine thousand dollars as the amount last disposed of.

The fund out of which all these legacies were to be paid being inadequate to meet them all, it follows that all must suffer a proportionate abatement. The nine thousand dollar legacy which constituted the remainder should be allowed to share its proportionate part of the total now available to meet the benefactions of Item 2.

Decree accordingly.