In the Matter of the Estate of HENRIETTA L. KNICKERBOCKER, Deceased.

Surrogate's Court, Albany County, December 9, 1937.

*Whalen, McNamee, Creble & Nichols,* for the Mechanics and Farmers Bank, as trustee for Henry I. Knickerbocker.

*Wiswall, Walton, Wood & MacAffer,* for Winifred Chase Knickerbocker.

*Herman P. Greene,* for Frances Cristman, administratrix of Anna Knickerbocker, deceased.

ROGAN, S. On this accounting proceeding a question has been submitted with respect to the disposition of the corpus of the trust created for the benefit of Henry I. Knickerbocker, now deceased, under clause third of the will of testatrix which reads as follows:

" *Third.* I give and bequeath to the Mechanics & Farmers Bank of Albany, New York, the sum of Eight Thousand Dollars ($8,000.00), in trust, nevertheless, to invest and reinvest the same, collect the interest and income arising therefrom, and to apply said interest and income to the use of my son Henry I. Knickerbocker, for and during the term of his natural life. Upon the

death of my said son I give and bequeath the corpus of said trust as follows, namely: A. To Annie Knickerbocker, widow of my deceased son Edmund C. Knickerbocker, the sum of Two Thousand Dollars ($2,000.00). B. To my grandson, Irving Knickerbocker, the sum of Three Thousand Dollars ($3,000.00). C. And the remainder of the corpus of said trust fund to my said granddaughter, Winifred Chase Knickerbocker."

Due to shrinkage during the continuance of the trust the value of the corpus is now approximately $4,800. The question, therefore, is whether or not Annie Knickerbocker and Irving Knickerbocker should be paid substantially in full, leaving nothing for payment to Winifred Chase Knickerbocker, or whether the words " the remainder of the corpus of said trust fund " be taken as the equivalent of a bequest of $3,000 to said Winifred Chase Knickerbocker, in which event the corpus now on hand should be distributed in the ratio of two-eighths to Mrs. Cristman, as administratrix of Annie Knickerbocker, three-eighths to Irving Knickerbocker, and three-eighths to Winifred Chase Knickerbocker.

I am of the opinion that there having been established and set up a trust fund amounting to $8,000, the " remainder of the corpus " to which the testatrix refers was the balance of $3,000, and the same having been bequeathed to Winifred Chase Knickerbocker, she acquired the same interest as if the testatrix had specifically mentioned the amount disposed of. While neither the industry of counsel nor the independent research of the court has disclosed any New York authority dealing with the precise set of circumstances of the case at bar, there are cases in other jurisdictions which appear to have some analogy to the question presented. (*Provident Trust Co. of Philadelphia* v. *Graff*, 18 Del. Ch. 255; 157 A. 920; *Page* v. *Leapingwell*, 18 Ves. Jr. 463; *Wright* v. *Weston*, 26 Beav. 429; *Miller* v. *Huddlestone*, L. R. 6 Eq. 65.)

I, therefore, hold and decide that the legacies to Annie Knickerbocker, Irving Knickerbocker, and the remainder legacy to Winifred Chase Knickerbocker, abate proportionately and a decree may be entered accordingly.