In the Matter of the Final Judicial Settlement of the Account of Proceedings of MECHANICS & FARMERS BANK, Albany, Petitioner, as Trustee for the Benefit of HENRY I. KNICKERBOCKER under Clause Third of the Last Will and Testament of HENRIETTA L. KNICKERBOCKER, Late of the City and County of Albany, State of New York, Deceased.*

FRANCES CHRISTMAN, as Administratrix, etc., of ANNIE KNICKERBOCKER, Deceased, Appellant; WINIFRED CHASE KNICKERBOCKER, Respondent.

Third Department, November 2, 1938.

* Affg. 165 Misc. 190.

*Herman P. Greene,* for the appellant.

*Stephen R. J. Roach,* for the respondent.

*Whalen, McNamee, Creble & Nichols,* for the petitioner.

McNAMEE, J. The paragraph which was submitted to the surrogate for construction reads as follows:

" *Third.* I give and bequeath to the Mechanic's & Farmers Bank of Albany, New York, the sum of Eight Thousand Dollars ($8,000) in trust, nevertheless, to invest and reinvest the same, collect the interest and income arising therefrom, and to apply said interest and income to the use of my son Henry I. Knickerbocker, for and during the term of his natural life.

" Upon the death of my said son I give and bequeath the corpus of said trust as follows, namely:

" A. To Annie Knickerbocker, widow of my deceased son Edmund C. Knickerbocker, the sum of Two Thousand Dollars ($2,000).

" B. To my grandson, Irving Knickerbocker, the sum of Three Thousand Dollars ($3,000).

" C. And the remainder of the corpus of said trust fund to my said granddaughter, Winifred Chase Knickerbocker."

The will was made February 10, 1927, and was probated upon the death of the decedent which occurred on May 27, 1927. The beneficiary Annie Knickerbocker named in the trust, died December 12, 1934, leaving the appellant Frances Christman her only next of kin, who was appointed administratrix of her estate. The life beneficiary in the trust died May 6, 1937.

The trust was set up and invested by the trustee as directed in the will. Upon the death of the life beneficiary, the trust fund had decreased in value to $4,651.39. The problem presented is whether, on the one hand, the remaindermen Frances Christman (administratrix of Annie Knickerbocker) and Irving Knickerbocker shall be paid in full the amounts of their legacies, $2,000 and $3,000

respectively, and the remaining balance paid to the remainderman Winifred Chase Knickerbocker, or, on the other hand, whether the first two shares shall abate and the balance of the entire trust fund be divided between the three remaindermen, two-eighths to Frances Christman, three-eighths to Irving Knickerbocker, and three-eighths to Winifred Chase Knickerbocker.

The testatrix had in mind a benefaction of $8,000, in the form of a fixed and invested fund. In the " Fifth " paragraph of her will the testatrix bequeathed and devised " All the rest, residue and remainder " of her estate, and in that paragraph used this expression three times as applicable to separate sets of conditions. There was no suggestion in the will that the " Fifth " clause was not the only and all of " the residuary clause," nor that the trust fund or any part thereof should form a portion of her "residuary estate."

There is nothing in the paragraph marked " Third " which indicates that any of the three remaindermen therein named was to suffer because of a diminution in the trust estate, or to benefit in the event of an increase, unless it be the language of subdivision C, viz., that " the remainder of the corpus of said trust fund " was given to Winifred Chase Knickerbocker. The fund being an invested one and of a fixed amount, and upon a view of the whole will, this language did not render Winifred Chase Knickerbocker a true residuary legatee, nor her share a true residuum. This language created a residue in form only. The bequest to Winifred Chase Knickerbocker was not a floating fund dependent upon the fact that the trust fund would increase or decrease. The testatrix had in mind and was making a bequest of $8,000, and the gifts of the parts of the fund were of equal rank. The testatrix indicated a provision for Winifred Chase Knickerbocker of $3,000 as definitely as though she had used figures instead of the words " the remainder of the corpus of said trust fund." (*Provident Trust Co. of Philadelphia* v. *Graff*, 18 Del. Ch. 255; 157 A. 920; *Wright* v. *Weston*, 26 Beav. 429; *Page* v. *Leapingwell*, 18 Ves. Jr. 463.)

Had the trust fund in this case been increased instead of decreased, being a single benefaction of a fixed and invested sum, the entire trust fund and its increase would have been ratably apportionable among the three remaindermen. (*Matter of Cruddas*, L. R. [1900] 1 Ch. 730; *Matter of Low*, 232 App. Div. 414; affd., 257 N. Y. 613.)

The decree of the surrogate should be affirmed, with costs.

CRAPSER and HEFFERNAN, JJ., concur; HILL, P. J., dissents, with an opinion; RHODES J., dissents and votes for a reversal of the decree and a determination as indicated in the dissenting opinion of Presiding Justice HILL.

HILL, P. J. (dissenting). Testatrix, by the third clause of her will, bequeathed $8,000 to a trustee for investment and to apply the " interest and income to the use of my son Henry I. Knickerbocker, for and during the term of his natural life." The remainder after his death was bequeathed by the same clause:

" Upon the death of my said son I give and bequeath the corpus of said trust as follows, namely:

" A. To Annie Knickerbocker, widow of my deceased son Edmund C. Knickerbocker, the sum of Two Thousand Dollars ($2,000).

" B. To my grandson, Irving Knickerbocker, the sum of Three Thousand Dollars ($3,000).

" C. And the remainder of the corpus of said trust fund to my said granddaughter Winifred Chase Knickerbocker."

After the death of the life beneficiary there remained of the corpus available for distribution only the sum of $4,651.39. The surrogate has decreed that two-eighths of that sum be paid to Frances Christman, as administratrix of the estate of Annie Knickerbocker, deceased, three-eighths thereof each to Irving Knickerbocker and Winifred Chase Knickerbocker.

The primary canon of testamentary construction is to ascertain the intention of the testator. In seeking to ascertain this, the court should consider not only the provision involved but also any other provisions in the will which might shed light. In seeking to sustain the decision of the surrogate the respondent relies alone upon the wording of the third clause as construed by his interpretation of certain foreign authorities, principally *Provident Trust Co. of Philadelphia* v. *Graff* (18 Del. Ch. 255; 157 A. 920). We have no information as to the amount of the Knickerbocker estate, but from the will it seems to have been substantial, for by the fourth clause thereof a general legacy of $12,000 is given to a granddaughter Winifred, she being the same person mentioned in paragraph C of the third clause, and in the fifth clause the son, who is the life beneficiary in the third clause, is bequeathed all of the remainder if he be living at the time of the death of testatrix, and if he be dead it passes to his wife, and if they both be dead to his son, the legatee under paragraph B of the third clause.

The opinion in *Crawford* v. *McCarthy* (159 N. Y. 514), cited in *Matter of Low* (232 App. Div. 414, 419), states (p. 519): " It will be observed that there is no general bequest of the sum of $1,500, but that his right thereto rests solely in the direction to the daughter to pay him that sum and that payment is to be made out of the particular fund designated as the fund belonging to the testatrix but on deposit in the name of Isabella. It is contended that this

direction to pay William is a demonstrative legacy. We do not so understand it. As we have seen, two elements are necessary in order to constitute such a legacy. There must be first, a bequest in the nature of a general legacy, and, second, it must point to a fund out of which the payment is to be made, partaking of the character of a specific legacy. But one of these elements is present in this case, and that is the one directing the payment to be made out of a particular fund. We think, therefore, it is a specific legacy and that the plaintiff is entitled to only that which the testatrix had on deposit in the name of her daughter."

The third clause of the Knickerbocker will contains both a bequest (" I give and bequeath the corpus of said trust as follows ") and a designation of the fund from which payment is to be made. Thus if the language used is tantamount to three general legacies — one of $2,000 and two for $3,000 each — then under the *McCarthy* case (p. 519) each must be paid in full, recourse being had to the general assets of the estate for the deficiency.

" A demonstrative legacy partakes of the nature of a general legacy by bequeathing a specified amount and also of the nature of a specific legacy by pointing out the fund from which the payment is to be made; but differs from a specific legacy in the particular that if the fund pointed out for the payment of the legacy fails, resort may be had to the general assets of the estate."

The general context of this will does not indicate that the testatrix intended to reduce the direct legacy to her son, her daughter-in-law or grandson, dependent upon survivorship, contained in the fifth clause, for the benefit of a daughter-in-law or of a granddaughter, the latter of whom by the fourth clause had received a substantial general legacy. Irving Knickerbocker, the grandson mentioned in paragraph B of the third clause, is the same person mentioned in the fifth clause as the grandson of testatrix. As to him it would make little difference whether the third clause set up demonstrative or general legacies. Upon the other hand, if we are to assume that testatrix realized that the corpus of the trust fund created by the third clause was not a fixed amount, but at the time of the death of her son in all probability would have increased or decreased, dependent upon the state of the security market, then the *Provident Trust Co.* case (*supra*, p. 259) is an authority for a distribution as sought by appellant.

" ' If the gift out of which the legacies are to be paid is not a fund of fixed amount, the particular residuary clause is a true residuary clause; and the deficiency falls, in the first instance, upon the residuary legatee.' "

Had the testatrix intended that the corpus remaining after the death of the life beneficiary should be divided two-eighths to A, three-eighths each to B and C, it would have been simple to have so stated; upon the other hand, she gave specific legacies to A and B and a true residuary to C. Authorities, neither local nor foreign, require the distortion of the language of testatrix to mean something which she did not say and which is not indicated by any of the provisions of her will.

I favor a reversal of the decree of the surrogate and a direction that the corpus be divided proportionately between the legatees named in paragraphs A and B of the third clause, and that it be determined that the residuary legacy contained in paragraph C has entirely abated.

Decree affirmed, with costs to the respondent, payable out of the trust fund.