In the Matter of the Estate of FRANCES J. BRAKER, Deceased.

Surrogate's Court, New York County, April 28, 1939.

*Jacob Kirschenbaum*, for Florence Braker Fox and Dorothy Braker Johnston, individually and as administratrices, etc., of Conrad Morris Braker, deceased.

*Charles E. McMahon,* for the executors of Austin B. Fletcher, deceased, successor trustee under the will of Frances J. Braker, deceased.

DELEHANTY, S. Two grandchildren of deceased, who are daughters of Conrad M. Braker, a son of deceased, seek to compel an account by the executors of a deceased successor trustee under paragraph first of deceased's will. Deceased died in July, 1895. Paragraph first of her will says:

"*First.* I give and bequeath to my son, Henry J. Braker, in trust, however, the sum of $12,000, and I direct that he shall hold and properly invest the same for the benefit of my sister, Mrs. Julia Davidson, now of the City of New York, paying her the interest on the same quarterly so long as she shall live, and at her death, I direct that the trustee of the above sum shall pay $1,000 to each of the following named persons: Fanny Davidson, Sarah Davidson, Emma Davidson, Susan Davidson, Margaret Davidson and Ellen Davidson, and the same shall belong to them absolutely, and I direct that all of the remainder of the said sum not thus distributed shall be paid to the hereinafter named Trustee of Conrad M. Braker to be held and invested by said Trustee for the benefit of my son Conrad M. Braker, in the same manner and under the same conditions as the trust fund set forth in Section Sixth, but at the death of my said son, I direct that the said sum which shall be paid to the said Trustee by the Trustee of my sister, Julia Davidson, shall belong absolutely to the child or children of my said son, Conrad M. Braker, but should he leave no child or children living, I direct that the same shall sink into my residuary estate."

Under paragraph sixth of the will a trust was established under which Conrad M. Braker was the life beneficiary. The other provisions of paragraph sixth are not material here because upon the death of the primary life beneficiary of the trust under paragraph first the fund is distributable to the children of Conrad M. Braker or their descendants by the express terms of paragraph first.

Because the assets of deceased's estate were insufficient to pay all bequests in full, it was possible to set up in trust under the provisions of paragraph first only the sum of $6,260.03. Henry J. Braker, named as trustee in that paragraph, qualified and acted as trustee until his death on September 1, 1908. The life tenant survived him. His widow, Katherine G. Braker, and Austin B. Fletcher were named as his executors and qualified. Thereafter Austin B. Fletcher was appointed substituted trustee under paragraph first of deceased's will and acted as such trustee until the death, on January 1, 1911, of Julia Davidson, the primary life

beneficiary. In April, 1911, Mr. Fletcher, as such successor trustee, paid $1,000 to each of the six members of the Davidson family mentioned *nominatim* as remaindermen in the will.

Austin B. Fletcher died on July 5, 1923. The respondents Charles S. Chadwick and Hiram A. Tuttle were appointed executors of his will and duly qualified as such on January 4, 1924. Conrad M. Braker died on February 18, 1938. The petitioners, his two daughters, were appointed administratrices of his estate. They are applying here in their character as administrators and as remaindermen of the trust under paragraph first of the will for the order to compel an account by the executors of Austin B. Fletcher for his acts as substituted trustee.

The answer of the respondent-executors alleges as a first affirmative defense that none of the funds of the trust under paragraph first of the will ever came into their possession as executors of the deceased substituted trustee; that under the terms of the will the payments of the principal of the trust were properly made by the substituted trustee to the six Davidson beneficiaries; that petitioners have, therefore, no interest in the funds so paid; and that petitioners are in any case guilty of such laches as to bar their right to any accounting. The second affirmative defense alleges that more than twenty-eight years have elapsed since the death of Julia Davidson, the primary life beneficiary, when the right, if any, of Conrad M. Braker to receive the income of the fund accrued and that, therefore, any claim by him or by his legal representatives is barred by the Statute of Limitations. The petitioners have moved to dismiss the two affirmative defenses on the ground that they are insufficient in law. The issue thus raised concerning the propriety of the payments to the members of the Davidson family requires a construction of the will. The question so presented is whether deceased intended the gifts in the aggregate amount of $6,000 to members of the Davidson family to take effect in full before any payment was made for the benefit of Conrad M. Braker and his issue or whether she intended a ratable distribution for the benefit of the six Davidson legatees on the one hand, and for Conrad Braker and his descendants on the other.

A case directly in point is *Matter of Knickerbocker* (165 Misc. 190; affd., 255 App. Div. 309; affd., 280 N. Y. 560). In the cited case the fund set up in trust was $8,000. The gifts over were $2,000 to the widow, $3,000 to a grandson, " and the remainder of the corpus of said trust fund " to a granddaughter. The court held that the gift to the granddaughter was not a gift of a true residuary but under the language of the will was a gift of $3,000 and that the necessary abatement was to be applied to all three

gifts.  A case also in point is *Provident Trust Co.* v. *Graff* (18 Del. Ch. 255; 157 A. 920).  There a fund of $50,000 was ordered to be set up in trust, but, because of lack of assets, abated to less than $38,000.  The direction for payment over at the end of the life upon which the trust was limited contemplated gifts of fixed sums aggregating $41,000 and a gift in trust of " the remainder of said principal of said trust fund."  The chancellor held that the " remainder " was to be deemed a legacy for $9,000 and held that all legacies must abate proportionately.  In both of the cited cases the trial court relied upon the leading English case of *Page* v. *Leapingwell* (18 Ves. Jr. 463).  This case has been repeatedly cited and relied upon by probate judges.  On the authorities cited the court holds here that the gift of " all of the remainder of " the sum of $12,000 directed to be held in trust under paragraph first of the will is a gift of $6,000.  Accordingly, the court holds that the distribution made by the substituted trustee was erroneous and that the six persons to whom the substituted trustee paid $1,000 each were entitled only to their proportion, to wit, one-twelfth each of the actual trust fund available for distribution.

As a consequence of this ruling it is necessary to determine whether the defenses of laches and of the Statute of Limitations are valid. The Statute of Limitations is pleaded as a defense only in respect of the income rights inuring to Conrad M. Braker who became entitled on January 1, 1911, to receive the income on one-half of the then trust fund principal.  As has already been stated, Conrad M. Braker survived until February 18, 1938.  The substituted trustee died in 1923, and his executors qualified as such on January 4, 1924.  As of that date at least the statute began to run, and all right of Conrad M. Braker terminated as early as January 4, 1934. In the case of his estate no further rights exist against the deceased substituted trustee or his estate.  (*Bushe* v. *Wright*, 118 App. Div. 320; affd., 195 N. Y. 509; *Matter of Lesser*, 119 App. Div. 507; *Matter of Menahan*, 224 id. 139, 144.)

In respect of the claims of the children of Conrad M. Braker there is pleaded no defense of the Statute of Limitations.  All that is pleaded in answer to their claims is the defense of laches. While these children of Conrad M. Braker undoubtedly were both proper and necessary parties in any accounting for the trust fund, they had no possessory rights capable of enforcement by them until their father died.  Since his death occurred less than ten months before this proceeding was initiated by them  they cannot be charged with laches.  Their failure actively to demand an account of the trust fund is not evidence of laches since from their point of view the demand for an accounting would produce nothing tangible

for their benefit during the life of their father. Neither is it of consequence that in petitioning for the appointment of a substitute trustee under other paragraphs of the will they did not refer to the first paragraph.

The application of the children of Conrad M. Braker to compel an account is granted. Submit, on notice, order accordingly.