In the Matter of the Estate of EDWARD J. FARRELL, Deceased.

Surrogate's Court, New York County, November 6, 1940.

*Edwards, O'Loughlin & George* [*Charles H. Edwards* of counsel], for the petitioner.

*Edward W. Rooney*, for The Father Dowd Memorial Home and other Canadian charities, respondents.

*John J. Asselta* [*John J. Asselta* and *John C. Spallone* of counsel], for Annie F. J. Pflegl and Frances M. J. Medairos, respondents.

*John T. Magan*, for the Home for the Aged of the Little Sisters of the Poor, respondent.

*George I. Janow*, for William Edward Duane.

*John G. Jackson, Jr.*, special guardian.

FOLEY, S. A question of construction is raised in this final accounting by the trustee. By the second paragraph of his will the testator created a trust of $70,000 for the benefit of his widow during her life. Upon the death of the widow the will provides for two charitable legacies totaling $35,000 and then gives the widow a power to appoint " the remaining Thirty-five thousand ($35,000) Dollars " to such charitable corporations as she might designate in her will. The will further provides that if the testator's widow should predecease him or should fail to exercise the power, the " remaining Thirty-five thousand ($35,000) Dollars " should be paid in equal shares to two charitable legatees. The testator's widow died on June 6, 1939, a resident of Canada. Her will has been duly admitted to probate there. Her will specifically appoints one-half of the trust to named charitable legatees.

During the continuance of the trust the value appreciated and the trustee now has on hand $84,289.30. A controversy has arisen as to the persons entitled to the principal of the trust in excess of $70,000.

It is obvious that the testator intended that his original gift of $70,000 should be severed immediately from his general estate. It appears moreover that the testator intended that the remainder of this trust fund should be distributed among charitable legatees. The will provides that one-half of the remainder should be paid to two charitable legatees and expressly limits the power of appointment conferred upon the donee to charitable appointees. The will further provides that if the life tenant of the trust should predecease the testator or should fail to exercise the power of appointment the unbequeathed one-half of the remainder of the trust should go to two named charitable legatees.

Two of the residuary legatees contend that the second paragraph of the will merely disposes of $70,000 and that any sum held by the trustee in excess of $70,000 passes under the residuary clause. Their argument is based for the most part on the rule that where a will is capable of two interpretations the interpretation which prefers those of the testator's blood to strangers should be adopted. Whatever force there is to this rule in the ordinary case it has no application here, for as previously pointed out the testator had indicated an intention to devote the entire corpus of the trust to charitable legatees.

The argument of these residuary legatees carried to its logical conclusion would require a repayment from the estate of the deceased life tenant of all income received on principal in excess of $70,000. Indeed their argument would have required the immediate payment to the residuary legatees of all sums in the hands of the trustee in excess of $70,000. Obviously such a construction would do violence to the intention of the testator.

It seems evident that although the testator disposed of the remainder in fixed amounts equaling the amount of the original principal of the trust he clearly intended a proportional or fractional distribution of the remainder. That is, he intended to dispose of one-half of the remainder to the charitable legatees and to permit his wife to dispose of the other half of the remainder in her will to such charities as she might select. *Matter of Low* (232 App. Div. 414; affd., 257 N. Y. 613) is directly in point here. There, as here, a trust of a specific amount of money was created by the will and the remainder gift was of specified amounts totaling the amount of the original trust. There, as here, there was an accretion to the principal of the original trust. It was determined that a fractional distribution of the remainder was intended and that the accretion to the principal should be distributed to the remaindermen.

I accordingly hold that the entire amount of the principal of the trust now in the hands of the trustee is payable proportionately to the charitable legatees named in the wills of the donor and donee. (*Matter of Low, supra; Matter of Knickerbocker,* 165 Misc. 190; affd., 255 App. Div. 309; affd., 280 N. Y. 560; *Matter of Braker,* 171 Misc. 226; *Matter of Brundage,* 163 id. 1.)

The misnomer of several charitable legatees in the will of the donee is so slight as to be of no consequence as these charitable legatees are readily identified. The gifts to the unincorporated associations may be paid to the parent corporations of which the legatees are subordinate branches. (*Kernochan* v. *Farmers Loan & Trust Co.,* 187 App. Div. 668; affd., 227 N. Y. 658; *Matter of Macaulay,* 173 Misc. 887.)

Submit decree on notice construing the will and settling the account accordingly.