In the Matter of the Construction of the Will of WILLIAM N. CROMWELL, Deceased.

Surrogate's Court, New York County, February 6, 1950.

*S. Pearce Browning, Jr.*, for John F. Dulles and others, as executors of William N. Cromwell, deceased, petitioners.

*Raymond A. Carter* for Visiting Nurse Service of New York, respondent.

*Leonard A. Blue* for Henry Street Settlement, respondent.

FRANKENTHALER, S. One of the separate and independent issues in this proceeding raises a question as to the identity of the beneficiary of the bequest in article eighth of the will, which, insofar as material, reads: '' All the rest, residue and remainder of my estate * * * I direct my Executors to divide into one hundred (100) equal parts, and I do dispose of such parts as follows: * * * (41) To Henry Street Visiting Nurse Service, New York City, for its general uses and purposes — Two (2) parts.'' The legacy is claimed by two corporations, Visiting Nurse Service of New York, and Henry Street Settlement. Extrinsic evidence has been produced in aid of the interpretation of the will.

The testator executed his will on June 11, 1943. He died on July 19, 1948. At the time of the execution of the will and for many years prior thereto, the charitable work performed by the two claimant corporations was conducted through two separate branches or departments of Henry Street Settlement. The parent organization had been incorporated to provide and maintain a system of free visiting nursing, to provide homes for the nurses engaged therein, to conduct and maintain settlements and centers for the cultivation of higher civic and social life, to maintain free homes for convalescents and to assist and care for the indigent and needy. In practical operation its visiting nurse service was conducted by a distinct branch which became publicly known as '' Henry Street Visiting Nurse Service '', and its settlement work and other related activities were carried on by a different branch.

Early in 1944 the two types of charitable work, which theretofore had been segregated within the one corporation for many years, were completely severed so that each was given a separate corporate existence. The original corporation, Henry Street Settlement, continued to provide the visiting nurse service, while the conduct of the settlement and other related activities was taken over by a new corporation, Lillian Wald Settlement. On April 26, 1944, an agreement was made by the two corporations to provide for the division of operations, properties and assets. The agreement provided that the original corporation, Henry Street Settlement, would take the necessary steps to amend its charter so as to restrict its activities to the Visiting Nurse Service and change its name to " The Visiting Nurse Service of New York." It was agreed that Lillian Wald Settlement would thereupon take the name " Henry Street Settlement " and would assume and perform the legal obligations of the original corporation relating to the settlement and its activities. Provision was made in the agreement for division of legacies and devises contained in wills executed prior to, but taking effect after, the change in corporate names. All such gifts to " Henry Street Visiting Nurse Service " or to " The Visiting Nurse Service of Henry Street Settlement " or gifts " as to which the intent of the testator is evident from the face of the will that the bequest or devise is to be used for the nursing service " were to be retained in whole by the corporation which was to take the name Visiting Nurse Service of New York. Where the intent was clear that the gift was for settlement work service, the legacy or devise was to go to the " New Settlement Society." Bequests or devises to the corporation under the old corporate name " Henry Street Settlement," without further indication of intent that they were to be used specifically for either the nursing service or settlement work, were to be divided between the two corporations in stated proportions.

Henry Street Settlement amended its charter and on May 26, 1944, changed its name to " Visiting Nurse Service of New York". Thereafter Lillian Wald Settlement assumed the name surrendered by its sister organization.

Visiting Nurse Service of New York claims the entire legacy on the ground that the gift was intended for the use of the nursing service branch of the original corporation and that it is the identical corporation now performing only the services for which the gift was intended. The new corporation (Henry Street Settlement, formerly Lillian Wald Settlement) contends

that the gift was intended for *all* of the general uses and purposes of the old corporation as it existed on the date when the will was drawn, and that it is entitled to a share of the legacy under the terms of the 1944 agreement. It argues that the testator was acquainted with all phases of the charitable work performed by the old corporation, that he made a mistake with respect to its correct corporate name because of the wide public use of the name '' Henry Street Visiting Nurse Service,'' and that the use of the words '' for its general uses and purposes '' manifests an intent to benefit all of the activities and services of the old corporation as it originally existed.

The extrinsic evidence makes it clear that the testator intended the bequest for the use and benefit of the visiting nurse service, which was formerly conducted as one of two separate departments of Henry Street Settlement but which is now the sole activity of the same corporation under its new name. It is undisputed that for many years prior to the corporate reorganization the name '' Henry Street Visiting Nurse Service '' was well known to the public. Fund raising campaigns were conducted periodically under that name. From time to time during these campaigns the testator was solicited for contributions, and he responded consistently and generously. The testator usually made his contribution by check payable to '' Henry Street Visiting Nurse Service.'' The formal acknowledgments of his many gifts, whether made by Henry Street Settlement or Henry Street Visiting Nurse Service, consistently contained the notation that the donation was '' To be used for Visiting Nurse Service.'' The appeals for aid and the letters of gratitude sent to him on behalf of the nursing service assured the testator that his contributions enabled it to provide nursing care for the suffering poor of the city, and his own letters in relation to his contributions evince his desire to help the needy sick. For many years prior to the making of the will the testator was constantly told how the funds would be used. A letter written in 1933 thanked him for his contribution to the visiting nurse service, and said: '' Every dollar which we receive provides a nurse's care for one person who is ill. It has been a very difficult year for us, and the nurses have given most heroic service. But if it were not for the generosity of those who understand and believe in our work, and who help us through their support, to carry on, we would not be able to help the many thousands of people who plead for the nurse to help them through their suffering.'' This idea of nursing aid to the suffering poor was constantly brought to the testator's atten-

tion. On the basis of the record there can be no doubt that the testator understood that his contributions were used for the visiting nurse service and that he intended them for that purpose.

The name that the testator used in his will to describe the beneficiary was the same name that he had used on his contribution checks. It was the name used by the committees who solicited his financial support. This course of conduct over so many years obviously led him to the not uncommon error of assuming a separate corporate existence for a body that appeared to have legal life and status.

If the corporate structure or scope of activities of Henry Street Settlement had never changed after the making of the will, the legacy would have been payable to the corporate parent for the specific use and benefit of the unincorporated branch designated by the testator (*Kernochan*. v. *Farmers' Loan & Trust Co.*, 187 App. Div. 668, affd. 227 N. Y. 658; *Prudential Ins. Co.* v. *New York Guild for Jewish Blind,* 252 App. Div. 493, 494; *Matter of Macaulay,* 173 Misc. 887, 891; *Matter of Farrell,* 175 Misc. 430, 432; *Matter of Littman,* 32 N. Y. S. 2d 686). The parent corporation would, in such case, have been under a legal obligation to use it only for the purpose for which it was given (*St. Joseph's Hospital* v. *Bennett,* 281 N. Y. 115, 123). As it eventuated, the same parent corporation under a different corporate name has confined its activities to the service which the decedent desired to benefit. Payment to Visiting Nurse Service of New York will vest the legacy in the charity which the testator intended.

The use of the words, " for its general uses and purposes," does not evince any intent to make the gift available for activities and services beyond those offered by the branch popularly known as Henry Street Visiting Nurse Service. It is significant that in the eighth paragraph of the will there are forty-eight gifts to religious, educational and charitable institutions and law societies. In connection with thirty-one of them, the testator employed the locution " for its general uses and purposes." In many of the other bequests he expressed either a preference or a command for the use of the funds for the purposes or in the manner specified by him. It is apparent that he used the quoted locution in those bequests where he placed no special limitations or restrictions on the use and disbursement of the fund. He treated Henry Street Visiting Nurse Service as a separate institution, and he intended the funds to be used for all the authorized purposes of that body:

It is not without significance also that in the 1944 agreement, both claimant corporations recognized that bequests to " Henry Street Visiting Nurse Service " were frequent enough to require express contractual treatment and that such bequests evinced on their face an intent to benefit only the nursing service.

The court therefore holds that Visiting Nurse Service of New York is entitled to the legacy bequeathed in subdivision 41 of the eighth paragraph of the will.

On notice, a decree may be submitted severing this issue from the other issues in this proceeding and construing the will accordingly.