In the Matter of the Accounting of NATIONAL BANK & TRUST COMPANY OF DANBURY, as Ancillary Committee of the Property of BENJAMIN G. DEMAREST, an Incompetent, et al., as Executors and Trustees under the Will of JOHN MACKENZIE, Deceased.

Surrogate's Court, Kings County, March 22, 1950.

*Standish F. Medina* for executors and trustees, petitioners.

*John F. Brosnan* for Servants of Relief for Incurable Cancer and others, respondents.

*William H. Amend* for Sisters of the Poor of St. Francis and others, respondents.

*John J. Fallon* for St. Mary's Hospital, Hoboken, New Jersey, and others, respondents.

*Gillespie & O'Connor* for Catholic Charities of the Archdiocese of New York and others, respondents.

*Raymond A. McCourt* for Catholic Foreign Mission Society of America, Inc., and others, respondents.

*Hurley, Gray & Kearney* for Monastery of Our Lady of Mount Carmel, Brooklyn, and others, respondents.

*William J. Schmitt* for Church of St. Peter, respondent.

*Brown, Cross & Hamilton* for Herald Tribune Fresh Air Fund, respondent.

*Bryan Brady* for Sisters of Mercy of the Diocese of Ogdensburg, respondent.

*Barry, Wainwright, Thacher & Symmers* for American Humane Association and another, respondents.

*Forbes J. Holland* for Dominican Sisters of the Sick Poor, respondent.

*Smith & Reiher* for St. Vincent's Home of the City of Brooklyn for the Care and Instruction of Poor and Friendless Boys, respondent.

*O'Connell & Butler* for Roman Catholic Orphan Asylum, respondent.

*Joseph V. Mitchell* for Catholic Missionary Union, respondent.

*Lord, Day & Lord* for St. John's Guild, respondent.

*Joseph V. McKee* for St. Vincent's Hospital of the City of New York, respondent.

*Cadwalader, Wickersham & Taft* for Bide-A-Wee Home Association, Inc., respondent.

*Barry & Barry* for St. John's Long Island City Hospital, respondent.

*N. Holmes Clare* for Lavelle School for the Blind, respondent.

*Nathaniel L. Goldstein, Attorney-General* (*Corning G. McKennee* of counsel), in his statutory capacity under section 12 of Personal Property Law and section 113 of Real Property Law.

McGAREY, S. The accountants seek varied relief in their petition including a construction of will herein to determine disposition to be made of legacies to seven unincorporated charitable organizations; and reservation of the balance of the fund of $65,000 provided for under clause " Fifty-seventh " of the will for payment of taxes and assessments called for by clause " Fifty-fourth " of the will.

Four of these unincorporated organizations perform their religious and charitable functions in this State and have corporate parent organizations. The bequest in each of the following instances should be payable, namely, to Roman Catholic Diocese of Brooklyn for the use and benefit of the Church of St. John the Baptist; to Sisters of the Poor of St. Francis for the use and benefit of St. Francis Home for the Aged Chronic Incurables; to the Servants of Relief for Incurable Cancer which maintains St. Rose's Free Home for Incurable Cancer; to Sisters of the Poor of St. Francis for the use and benefit of St. Francis Hospital (New York), (*Kernochan* v. *Farmers' Loan & Trust Co.*, 187 App. Div. 668, affd. 227 N. Y. 658; *Prudential Ins. Co.* v. *New York Guild for Jewish Blind*, 252 App. Div. 493; *Matter of Farrell*, 175 Misc. 430, 432; *Matter of Littman*, 32 N. Y. S. 2d 686; *Matter of Jones* [by this court], 90 N. Y. S. 2d 598), to St. Joseph's Normal Institute at Barrytown, New York, named in the will as Brothers of the Christian Schools, New York Province.

St. Francis Hospital (Jersey City) and St. Mary's Hospital (Hoboken, New Jersey) are unincorporated associations. The right of these two institutions to accept these legacies is determined by the law of the domicile of the institution (*Matter of Idem*, 256 App. Div. 124; *Matter of Macauley*, 173 Misc. 887; *Matter of Schmadeke*, 80 N. Y. S. 2d 372). Since the State of New Jersey permits an unincorporated organization to receive a legacy (*New Jersey Title, Guar. & Trust Co.* v. *Smith*, 90 N. J. Eq. 386, 391; *Hadden* v. *Dandy*, 51 N. J. Eq. 154), the bequests to St. Francis Hospital (Jersey City) and St. Mary's Hospital (Hoboken, New Jersey) are to be paid directly to the two named institutions.

The request to retain the balance of the fund of $65,000, the fund created under paragraph " Fifty-seventh " for the purposes therein recited is granted.

The fees of the attorneys for the trustees are allowed in the sum requested.

The letters testamentary and of trusteeship heretofore issued to the individual nominated as coexecutor and cotrustee by the will, will be revoked because of the circumstances of his health as recited in the petition.

Proceed accordingly.