William T. Collins, S.
This is a final accounting of the trustee and a recital of the previous history of this estate appears necessary for a determination of the objections filed to the account. The parties who have appeared have submitted a stipulation of facts.
*871 Testator had executed his will in 1925 when he was unmarried. He made bequests totaling $370,000 to seven organizations as permanent endowments to be used for purposes associated with the respective organizations. He directed that any residue was to be divided equally among the legatees and to be considered as increases to those endowments. He married in June, 1929. On July 15, 1929 testator executed a codicil to his will in which he bequeathed $50,000 to two other organizations as permanent endowments and stated that they also would share equally in any residuary estate. He directed that in lieu of dower his entire estate be held in trust for the benefit of his wife for her life. Testator died in 1940 and his widow was then 74 years of age.
In the proceeding to probate the will and codicil testator’s widow raised the question of the validity and effect of the trust provision in the codicil and contended that there was a violation of section 17 of the Decedent Estate Law. The instruments were admitted to probate and the question of construction was reserved. Shortly thereafter testator’s widow instituted a proceeding for a construction of the will upon the afore-stated grounds. The legatees opposed and contended that the widow must elect between taking the benefits of the trust fund and asserting her rights under said section 17. Some of the organizations maintained that they were given a preference. One organization filed a claim on the basis of an unpaid pledge. It was determined that the acceptance by the widow of the benefits given to her in the will did not bar her right to claim that there was a violation of said section 17. A determination of the other questions presented was deferred until the executors accounted. (Matter of Casey, N. Y. L. J., July 1, 1940, p. 3, col. 4.) A decree was entered thereon and certain of the residuary legatees appealed therefrom. The executor subsequently filed an intermediate account and the widow instituted a proceeding for a determination of her claim that the will violated section 17. A stipulation was made on April 7, 1941 settling the widow’s claim which was incorporated in an intermediate decree on accounting dated April 28, 1941. As part of the stipulation and decree the question of the nonapplicability of section 17 to some of the corporate legatees was dropped and their appeals were discontinued. The stipulation and decree further provided that the widow was entitled to a remainder interest amounting to $25,000 in the residuary trust which she was given the power to assign or bequeath by deed or will payable only after her death. Provisions were made for the reduction of that sum of $25,000 in the event that the corpus *872 upon the termination of the trust did not equal the sum of $495,-000, representing the total of the general legacies and said sum of $25,000. The assets transferred by the executor to the trustee exceeded half a million dollars.
Testator’s widow died in 1955 leaving a will in which she bequeathed her residuary estate including the remainder interest in the trust fund herein to her niece. The corpus of the trust fund had increased considerably in the intervening years. The widow’s niece claimed that she was entitled to a proportionate share of this increase. In an informal accounting the trustee paid her the sum of $25,000 without prejudice to her claim as set forth in the objections to the account now before the court. The balance of the trust remainder was distributed to the aforementioned general legatees.
In her objections herein the niece claims that she is entitled to an additional sum of $50,008.26 under the rule enunciated in Matter of Mayers (189 Misc. 700, affd. 274 App. Div. 918, affd. 299 N. Y. 388) or to an additional sum of $17,862.56 under the reasoning set forth in Matter of Knickerbocker (165 Misc. 190, affd. 255 App. Div. 309, affd. 280 N. Y. 560). The trustee and the general legatees who have appeared argue that the objectant is entitled only to the amount fixed in the 1941 stipulation and does not share in any increase in the fund. Matter of Mayers (supra) was decided in this court in 1947. At the time that the stipulation herein was executed in 1941 the rule enunciated in Matter of Buck (158 Misc. 111); Matter of Voelker (158 Misc. 97) and Matter of Lord (155 Misc. 628) was the recognized authority in this court. They provided that the excess of the gift over the permissible amount allowed in the statute as of the date of decedent’s death was earmarked for the distributees at the end of the trust and the balance was payable to the charities. The stipulation herein appears to follow the formula set forth in those decisions. We must not lose sight of the fact that there was no adjudication herein that section 17 had been violated. The stipulation settled the divergent and litigable claims of the parties involved.
The court therefore holds that the objections should be dismissed. Any rights that the objectant has arose out of the stipulation of settlement (Hegeman v. Conrad, 284 App. Div. 969; Yonkers Fur Dressing Co. v. Royal Ins. Co., 247 N. Y. 435, 446) and not from any judicial determination that a violation of the statute had occurred. The stipulation specifically provided for a reduction of the widow’s remainder interest in the event that the fund decreased but did not provide for any addition to her share in the event that the fund increased. It specifically *873 gave the widow the right to assign or bequeath “ said sum ($25,000) or any part thereto In the event that a reduction was necessary the stipulation provided that “ the said sum of $25,000 allocated to Mrs. Casey shall be reduced in the proportion that the net distributable estate valued as at the time of distribution bears to $495,000, which is the amount of all general legacies plus said amount of $25,000 ’ ’. The' request to charge the objectant personally with the costs of this proceeding is denied.
Submit decree on notice settling the account accordingly.