Maximilian Moss, S.
In this executors’ accounting proceeding the court is requested to construe the will of Benjamin Milberg, deceased, to determine whether the increments accrued on principal devised and bequeathed to his grandchildren is shared equally among five of them born prior to the execution of his will, or among them and two other grandchildren born after its execution. The grandchildren are all infants. The special guardian for those first mentioned contends that under the terms of the will only his wards are devisees and legatees of the true residuary estate and entitled to share in the increments. The court is unable to reach the same conclusion for the reasons which follow.
A careful study of testator’s testamentary scheme reveals that whatever remains of his estate after payment of funeral and administration expenses, debts and death taxes, and delivery of certain articles of personal property as defined in articles Ninth and Eleventh, shall be divided into fractional shares as follows:
Six per centum to individuals named in articles Fourth to Eighth inclusive and to charities named in article Ninth, in various specific amounts, with directions that if such amounts in the aggregate should exceed six per centum there shall be a prorata abatement of legacies necessary as to reduce them, for which testator provides a formula.
Sixty-four per centum is to be divided as indicated in article Eleventh and Twelfth. Though separately numbered these two articles and article Thirteenth may be considered as one. The first gives ‘ ‘ all the rest, residue and remainder of my estate * * * in the amounts and to the persons set forth below ’ ’; and the second gives “ of said rest, residue and remainder of my property a share equal in value to sixty-four (64%) percent of my estate, to my trustee hereinafter mentioned ”. (Emphasis supplied.) It creates a trust directing the trustees to pay the income therefrom to his daughter, Eleanor Grossman, authorizes him to invade the principal for her benefit if necessary to make up the deficiency of a stated amount and to increase the amount in case of her illness, etc. Finally it directs that the remainder be paid to her or her issue surviving her on the happening of future eventualities with which we are not presently concerned.
The balance of 30% is disposed of by article Thirteenth which devises and bequeaths “ all the rest, residue and remainder of my property, not mentioned in Article ‘ Twelfth ’ to my grandchildren,” naming the five horn prior to the execution of the will.
*116 Now we come to the provisions for the benefit of the after-born grandchildren. Continuing article Thirteenth testator provides as follows: “In the event that my sons, Saul A. Milberg and Simon J. Milberg, shall have children other than those named who shall survive me, I direct that for each such additional child, there shall be subtracted from the portion of my property given, devised and bequeathed in article Twelfth, property in an amount not to exceed in value six (6%) per cent of my estate, and I give, devise and bequeath such property to each of such additional grandchild absolutely.” (Emphasis supplied.) There are two such after-born “ additional grandchildren ”. Accordingly, 12% of the net estate must come from the 64% of “my property” given in trust under article Twelfth, leaving a balance of 52% as a trust fund for the daughter. This analysis leads to the conclusion that the rights of the two after-born grandchildren are the same as though testator gave seven grandchildren, including said two after-born children, 42% of his net estate. Each is entitled to 6% of the estate as defined in articles Ninth and Eleventh together with all income and increases accrued thereon (Matter of Low, 232 App. Div. 414, 418, affd. 257 N. Y. 613; Matter of Knickerbocker, 255 App. Div. 309, affd. 280 N. Y. 560; see, also, Matter of Baxter, 164 Misc. 183, 186, affd. 250 App. Div. 701). The will is so construed. Proceed accordingly on notice.