Maximilian Moss, S.
In this executors ’ accounting proceeding the court is required to determine the validity of the charitable trust created under paragraph “Fourth” of testator’s will; the validity of the charitable trust remainder of the residuary trust under paragraph “ Fifth ” and if valid whether the will violates section 17 of the Decedent Estate Law, and how any amount in excess of the maximum permissible for charities should be distributed; the validity and effect of the widow’s exercise of the right of election pursuant to section 18 of the Decedent Estate Law; and to consider other incidental relief.
The court holds that both of the said trusts are valid as they are specifically for charitable, religious or educational purposes. The trustees may therefore proceed to qualify thereunder according to law.
After directing the payment of debts, funeral and testamentary expenses, testator bequeathed $250 to his son and coexecutor, $2,500 to his wife and $3,000 in trust under paragraph “ Fourth ” as mentioned above. By paragraph “ Fifth ” testator created a residuary trust with the net annual income payable to his wife for life and a direction to the trustees to invade principal to the necessary extent if the annual net income should be less than $960. Upon her death the remainder was' given in further trust for charitable purposes. Petitioners allege that paragraph ‘ ‘ Fifth ’ ’ of the will is in violation of section 17 of the Decedent Estate Law, and that the “ trust created in paragraph marked ‘ Fourth ’ and so much of the trust in paragraph ‘ Fifth ’, upon information and belief, may be only determined to be valid to the extent of one-half of the estate and no more after the payment of the obligations set forth in the statute.” As will be demonstrated below there is no violation of section 17 under the facts disclosed herein. But it may be pointed out that if there were a violation the amount to charities in excess of the maximum permitted by section 17 would be a burden of the residuary charitable trust before affecting if at all the general charitable trust of $3,000 (Matter of Fanelli, 207 Misc. 719 and cases cited; Matter of Meyer, 137 Misc. 730; Matter of Sykes, 53 N. Y. S. 2d 442).
Petitioners did not furnish all the necessary data nor set forth .a computation to indicate the alleged violation of section 17. Based, however, on the information supplied by counsel supple *227 menting the allegations in the petition and the schedules in the executors’ account, the court makes the following computations in acordance with the provisions of section 17 as interpreted in Matter of Mayers (299 N. Y. 388). The gross estate at the time of testator’s death is $23,081. No debts were owing by him. The only other allowable deduction in order to determine the one half of the net estate that could be devised or bequeathed for charitable purposes are the statutory exemptions pursuant to section 200 of the Surrogate’s Court Act (Matter of Epstein, 176 Misc. 494). The exemptions, as set forth in the account, amount to $1,100, leaving a net estate of $21,981. The permissible gifts to charity therefore may not exceed a total of $10,990. The residuary estate, derived after deducting the funeral and net administration expenses of $2,066 and the general legacies of $6,000 (commissions and accounting expenses being waived and the estate appearing to be exempt from transfer tax) amounts to $12,165, in trust for the lifetime benefit of the widow with remainder, in further trust for charities. At testator’s death the widow was of the age 76 years and 7 months. The then actuarial value of her life estate in the residuary trust is $4,238. The balance of $7,927 constitutes the then value of the charitable remainder. The latter sum added to the $3,000 charitable trust under paragraph “ Fourth ” of the will is $63 below the maximum of $10,990 which the testator could leave to charity under section 17 of the Decedent Estate Law. The court therefore holds that there has been no violation of the statute. (Matter of Mayers, 299 N. Y. 388, supra, hypothetical case computations, 11 A. L. R. 2d p. 1163; Matter of Jones; 90 N. Y. S. 2d 598; Matter of Clocke, 133 N. Y. S. 2d 415; Matter of Casey, 6 Misc 2d 870; Matter of Chamot, 201 Misc. 374.)
It appears further that the widow has no right of election pursuant to section 18 of the Decedent Estate Law. After the legacies of $250 to the son and $3,000 in trust for charities under paragraph ‘ ‘ Fourth ’ ’ the widow is given $2,500 plus all income of the residuary trust for life in addition to principal if necessary to assure her of a total of $960 a year out of the trust estate. The provisions of the will in her favor having satisfied the requirement of section 18 (subd. 1, par. [d]) of the Decedent Estate Law, she has no right of election under the statute.
Proceed accordingly.