ings are fraudulent, and reveal gross errors; (3) that the referee had no power to permit an amended account to be made; (4) that the decrees do not provide for distribution; and (5) that the executor could not account as guardian while accounting as executor. A careful study of the affidavits submitted makes the conclusions inevitable that the petitioner was personally served with the citations. Furthermore, in going over the various accountings filed, I fail to find evidence sufficient to substantiate the allegations of fraud or error made by the petitioner, or to justify the vacating of the decrees herein made upon two accountings, both of which were contested, in part successfully, by the special guardian appointed by the court. So far as the third objection is concerned, the power of a referee to grant the same amendments that the surrogate himself may allow cannot be questioned. In an accounting the referee may allow any amendment which does not include a transaction subsequent to the return day of the citation. In re Odell's Estate (Sur.) 4 N. Y. Supp. 463; In re Munzer's Estate (Sur.) 25 N. Y. Supp. 818. If the petitioner desires to raise the question of distribution, let him take appropriate independent proceedings, bringing in all of the parties interested in the fund. The fifth objection urged by the petitioner is also without merit. The moneys paid out by the executor for the maintenance of the children of the testator were disbursed by him in his capacity of executor only. There has never been any turning over of moneys to himself as guardian. Hence these sums were properly credited in his account. Browne v. Bedford, 4 Dem. Sur. 304. The applications must be denied.

Applications denied.

(27 Misc. Rep. 77.)

## In re FOLEY'S ESTATE.

(Surrogate's Court, Otsego County. April, 1899.)

1. WILLS—VALIDITY OF DEVISE—RELIGIOUS SOCIETIES.
    The right of a church incorporated under Laws 1813, c. 60, to take by last will and testament, is not affected by provisions of Laws 1848, c. 319, § 6.

2. SAME.
    A church incorporated under Laws 1813, c. 60, is not affected by the general corporation law, religious corporation law, or the membership corporation law, with reference to its right to take property by will.

3. MISNOMER—EVIDENCE.
    Misnomer of a corporation devisee will not invalidate the devise, if the true object of the testator's bounty can be ascertained, and such name may be established by parol or other competent evidence.

Last will and testament of Mary Foley, deceased, contested. Will sustained.

James W. Tucker, for proponent.
A. R. Gibbs, for contestant.

ARNOLD, S. The paper writing here offered for probate, as the last will and testament of Mary Foley, deceased, was duly executed, published, and declared by her as and for her last will and testament in conformity with the laws of the state of New York, and is entitled to be admitted to probate.

The only question to be passed upon is the one raised by the contestant's answer, which is that, this will having been executed within 60 days before the death of the testatrix, the gift and devise to the Roman Catholic Church of Cooperstown, N. Y., is void. This residuary clause reads as follows:

"Fifteen. All the rest, residue, and remainder of my property, of every name and nature, I give, devise, and bequeath unto St. Mary Roman Catholic Church of Cooperstown, N. Y., the same to be applied towards the liquidation of the indebtedness of said church."

This church was incorporated under chapter 60 of the Laws of 1813. Its right to take by last will and testament is not affected by the provisions of section 6, c. 319, Laws 1848; nor is it affected by the general corporation law, or religious corporation law, or the membership corporation law. The question raised is not an open one. Hollis v. Drew Theological Seminary, 95 N. Y. 166; In re Lampson's Will, 22 Misc. Rep. 198, 49 N. Y. Supp. 576, affirmed in 33 App. Div. 49, 53 N. Y. Supp. 531.

The gift and devise here is to "St. Mary Roman Catholic Church of Cooperstown, N. Y." That is the name by which this church is generally and commonly known. The true name of the corporation is "Church of the Lady of the Lake, Cooperstown, N. Y." The proof shows that the intended object of the testatrix's bounty was this corporation. It is well settled that a misnomer of a legatee or devisee, whether that legatee be an individual or a corporation, will not invalidate the gift or devise, if the true object of the testator's bounty can be ascertained either from the will itself or by evidence aliunde. It was proper in this case to establish the true name of the corporation by parol or other competent evidence. Lefevre v. Lefevre, 59 N. Y. 434. A decree admitting this paper writing to probate, and adjudging the residuary clause valid, may be entered.

Decreed accordingly.

---

### BAYERDORFER v. BOWLES.

(City Court of New York, General Term. May 3, 1899.)

1. SPECIAL TERM—LEAVE TO ENTER JUDGMENT.
   Where a summons is served with a notice, but no verified complaint served, an application should be made to the special term for leave to enter judgment.

2. DAMAGES—PROCEEDINGS FOR ASSESSMENT—CLERKS OF COURT.
   In cases where the clerk may determine the amount of damages, it is error to appoint a referee for such purpose.

Appeal from special term.

Action between Frederick Bayerdorfer and Frank Bowles. From an order of the special term justice, an appeal is taken. Modified.

Argued before FITZSIMONS, C. J., and McCARTHY, J.

Carl Fischer-Hansen, for appellant.

Large & Stallnecht, for respondent.

PER CURIAM. In making the order appealed from, the special term justice followed the settled practice of this court. Where a summons is served with a notice, but no verified complaint served, the practice here is to apply to the special term for leave to enter judg-