J. FREDERIC KERNOCHAN, as Executor, etc., of EDWARD M. KNOX, Deceased, Respondent, *v.* THE FARMERS' LOAN AND TRUST COMPANY and Others, Defendants, Impleaded with the BOARD OF FOREIGN MISSIONS OF THE METHODIST EPISCOPAL CHURCH, Appellant, and FLORENCE COOK BRONSON and Others, Respondents.

First Department, May 2, 1919.

Will — legacy to church not defeated by misnomer — domestic religious corporation permitted to take legacy in order to sustain gift to unincorporated church operating as a branch.

A testator gave by his will, executed in this State, $10,000 " to the Charles Knox Memorial (Methodist) Church, in Manila, Philippine Islands." The legatee is not a corporation and there is no church or religious body at Manila known by that name or using the name " Knox." But there is a church, owned and conducted by the finance committee of the Board of Foreign Missions of the Methodist Episcopal Church, a domestic religious corporation, known as the Knox Memorial Church, and upon its corner stone is inscribed " Knox Memorial — The First Methodist Episcopal Church." The testator and his sister each contributed $5,000 to said domestic corporation toward the erection of said church.

*Held*, that the legacy was intended for the Knox Memorial Church at Manila and will not be defeated by the misnomer. The will is to be given the same force and effect as if the testator had designated the church by the name inscribed on its corner stone.

The legatee not being a corporation, the Board of Foreign Missions of the Methodist Episcopal Church of which said legatee was a branch will be permitted to take in order to sustain the gift.

PAGE, J., dissented.

APPEAL by the defendant, Board of Foreign Missions of the Methodist Episcopal Church, from so much of a judgment of the Supreme Court in favor of the respondents, entered in the office of the clerk of the county of New York on the 14th day of June, 1918, as adjudges that the bequest and gift in clause 5 of the will of Edward M. Knox, deceased, of $10,000 " to the Charles Knox Memorial (Methodist) Church, in Manila, Philippine Islands," is invalid, and from other parts of the judgment.

The judgment was rendered upon the decision of the court after a trial at the New York Special Term.

*William L. Ransom* of counsel [*Robert E. Coulson* and *William O. Gantz* with him on the brief; *Gantz & Tucker,* attorneys], for the appellant.

*Henry F. Miller,* for the plaintiff, respondent.

*Robert M. Miller,* for the respondents Little and others.

*John B. Knox* of counsel [*George S. Graham* with him on the brief; *Graham & L'Amoreaux,* attorneys], for the respondent Florence Cook Bronson.

LAUGHLIN, J.:

This is an action by the executor of the will of Edward M. Knox for the judicial settlement of his accounts involving a construction of the will.

The legatee is not a corporation and there is no church or religious body at Manila known by that name. The appellant is a New York religious corporation, organized for and conducting religious and charitable work in various parts of the world. It has charge and financial oversight and administrative responsibility for a number of religious and educational undertakings in the Philippine Islands which it assists through a finance committee, and the acts of such committee require its approval. There is a church edifice at Manila, erected by appellant in 1907, at a cost of $20,000, on land evidently owned by the United States, for the use of which the appellant pays. Such a finance committee of the appellant is in charge of that and a number of Methodist Episcopal churches in the Philippine Islands and they are used for religious worship and are known as missionary churches. The church for a time was to some extent known as the Cervantes Street Church; but upon its corner stone is inscribed: " Knox Memorial — The First Methodist Episcopal Church," and it is also known as the " Knox Memorial " and " Knox Memorial Church," and is and has been exclusively so known and designated by appellant and those conducting the church under its supervision. The testator contributed to appellant the sum of $5,000 toward the erection of the church and the money was used to buy the steel. His sister contributed a like amount for the same purpose. The other half of the cost

First Department, May, 1919.                    [Vol. 187.

of construction over these contributions was borrowed. The appellant appoints and sends ministers to officiate at the church and it is to be inferred that through said finance committee it employs all other persons whose services are required in connection with the church or missionary work; and, with the exception of contributions by the congregation in the form of collections, the appellant bears all the expenses of maintaining the church, including repairs to the edifice, and of conducting the religious and missionary work. It assigns funds to the finance committee for allotment between the churches in the Philippines, of which the committee has charge, and it receives and through said committee administers for the use of the Knox Memorial Church special contributions intended solely for the work conducted by that church. The evidence shows that the finance committee in charge of all the churches and charitable and religious work of the appellant in any particular country, like the Philippines, is deemed a branch of the appellant. It thus appears that the appellant owns and conducts the church which is known as the Knox Memorial Church and that the name Knox Memorial Church identifies the religious and charitable work of the appellant in Manila. There is no other church in Manila in the name of which the name " Knox " is used. I have now stated the substance of the material evidence, without referring to the other provisions of the will, for I am of opinion that they shed no light on the construction of the will which is the point to be decided. The appellant alleges in its answer that the testator intended this legacy for it and that it should be applied to a subsidiary or branch organization of appellant having charge and control of the church at Manila to which the testator had previously made substantial gifts, " and as to which said church the testator or someone in his behalf had made the request " of appellant that in consideration of said contribution toward the erection of the church and a further gift to be made in his last will and testament " it be known as the Knox Memorial Church " in honor of his father.

Usually in this class of cases there is evidence *dehors* the record showing that the testator belonged to the particular religious denomination or was deeply interested in the work to further which the legacy was given; but here we have no

evidence relating to those points other than has been stated. It is contended in behalf of the plaintiff, respondent, that the primary object of the testator in making the contribution and in giving the legacy was to perpetuate the memory of his father by a church to be known by the precise name by which the legacy was given. That contention is not without force; but I think it should not prevail for three reasons. *First.* It is based upon the inference that the testator was not interested in this religious denomination or in the success of its missionary work which I think we would not be warranted in drawing from the facts. *Second.* It does not appear that his father ever lived in the Philippine Islands or even ever visited Manila, and if his sole purpose were to secure a monument to his father it would be more reasonable to infer that he would have arranged for it where his father was born or resided. It is fairly to be inferred either that the testator was personally interested in the missionery work of the appellant or that his father was and that either for himself or through consideration for what he knew to have been the feelings and views of his father he was desirous of assisting the appellant in carrying on its missionary work at Manila. *Third.* The contention is also predicated on an inference that the testator had been misled or, at least, misunderstood the manner in which the appellant intended to and did designate the church as a memorial to his father. The will was not made until more than eight years after the church had been completed and in use and I think that the more reasonable inference is that he knew how the church had been named by the appellant to become a memorial church in honor of his father. The phraseology of the will in designating the legatee is not necessarily inconsistent with this view. The will was executed and probated here. I think the idea of the testator with respect to honoring the memory of his father was not so much in having the church bear his father's name in full to be observed and noted in that remote part of the earth as to have it recorded in the annals of that religious denomination and proclaimed from the pulpit throughout the world wherever the appellant solicited funds to continue its work that the cost of construction and maintenance of that church were largely donated in honor of his

father. It, therefore, clearly appears, I think, that the legacy was intended for this church and it is well settled that in such case a legacy will not be defeated by a misnomer. (*Lefevre* v. *Lefevre*, 59 N. Y. 434; *Matter of Isbell*, 1 App. Div. 158; *Preston* v. *Howk*, 3 id. 43; *Matter of Wehrhane*, 40 Hun, 542; *St. Luke's Home* v. *Association for Indigent Females*, 52 N. Y. 191; *Matter of Wheeler*, 32 App. Div. 183; affd., 161 N. Y. 652.) The will, therefore, is to be given the same force and effect as if the testator had designated the church by the name inscribed on its corner stone. The church not having been incorporated could not, however, take; but the courts have evolved another rule of construction under which the appellant may take on the ground that the church designated was a branch of the appellant, or a local designation of the particular religious and missionary work which the appellant was conducting by and through this church at Manila, and, therefore, in order to sustain the legacy the corporation, a branch of which or of whose work the church was, will be permitted to take. (*Matter of Isbell, supra; Lefevre* v. *Lefevre, supra; Preston* v. *Howk, supra; Matter of Wehrhane, supra; Leonard* v. *Davenport*, 58 How. Pr. 384; *Riley* v. *Diggs*, 2 Dem. 184; *Matter of Foley*, 27 Misc. Rep. 77.)

It follows that the judgment in so far as it is appealed from should be reversed, with costs to appellant payable out of the estate, and the findings and conclusions of law inconsistent with these views reversed and appropriate findings and conclusions in accordance therewith made, and that judgment should be entered in favor of appellant sustaining and directing the payment of the legacy, with costs.

CLARKE, P. J., SHEARN and MERRELL, JJ., concurred; PAGE, J., dissented.

Judgment so far as appealed from reversed, with costs to appellant payable out of the estate, and judgment directed in favor of appellant as stated in opinion, with costs. Order to be settled on notice.