In the Matter of the Judicial Settlement of the First Account of Proceedings of KINGS COUNTY TRUST COMPANY and ROBERT F. IVES, as Executors, etc., of MINNIE P. SADDINGTON, Deceased, and the Matter of the Application of Said Executors for the Judicial Construction of the Will of Said Decedent.

KINGS COUNTY TRUST COMPANY and ROBERT F. IVES, as Executors, etc., of MINNIE P. SADDINGTON, Deceased, Appellants; CONGREGATIONAL HOME MISSIONARY SOCIETY and Others, Respondents.

Second Department, July 2, 1940.

*Dermod Ives* [*Howell D. Boyd* and *Archibald A. Patterson* with him on the brief], for the appellants.

*John E. Orchard* [*John J. Morris* with him on the brief], for the respondents Congregational Home Missionary Society and The Congregational Sunday School Extension Society.

*Hersey Egginton*, for the respondents Brooklyn Bureau of Charities and The Methodist Hospital of Brooklyn.

HAGARTY, J.   This appeal involves the identity of the person or persons who are presumptively entitled to the next eventual estate, and, therefore, to the income which has accrued and will accrue under a void provision of the will of the testatrix, Minnie P. Saddington, deceased.   The will devises the residuary estate to the executors and trustees, in trust, to pay the sum of $4,000 per annum of the income to the son of the testatrix, Frederic J. Saddington, until he reaches the age of forty years, at which time they are directed to pay him one-third of the principal.   One-third of the accumulated income in excess of $4,000 is to be paid to Frederic upon his attaining the age of forty years, and the balance of it is to be added to the principal, thus creating a new fund, the income of which is to be paid to Frederic for life.

This is an accounting proceeding, and the executors seek a construction of the will.   By the decree under review, the learned surrogate determined that the direction to accumulate income in excess of $4,000 per annum was unlawful and void (Real Prop. Law, § 61; Pers. Prop. Law, § 16), and no appeal is here from that portion of the decree, the parties being in accord that the excess income passes to the one presumptively entitled to the next eventual estate.   (Real Prop. Law, § 63.)

Frederic, concededly, is the person presumptively entitled to the next eventual estate with respect to one-third of the excess income, since he is to receive one-third of the principal; but the will also provides that, after Frederic arrives at the age of forty years, he becomes the life tenant of the fund remaining.   The executors contend that it is this life tenancy which is the next eventual estate.

The will further directs that Frederic be authorized by his will to dispose of the principal remaining, including the accumulated income, and in the event that he fails so to do, that such remainder be divided among his lawful issue then surviving him.   If Frederic leaves no issue and makes no will, the remainder is disposed of in the form of specified bequests to charities and to relatives, with the residue to the latter.   Frederic has no issue.   The respondents are among the enumerated charities to receive bequests, and so

are presumptively entitled to share in the remainder. This remainder, they claim, is the next eventual estate.

The surrogate held that, in order to qualify as one presumptively entitled to the next eventual estate, it is necessary that such person should be entitled to " possessory enjoyment " of the principal. This we believe to be erroneous.

In construing the predecessor of present section 63 of the Real Property Law, the Court of Appeals, in *Manice* v. *Manice* (43 N. Y. 303), laid down two rules, the application of which requires a determination that Frederic is entitled to the two-thirds excess income. These are, *first*, that the term " the next eventual estate " means " the estate which is to take effect upon the happening of the event which terminates the accumulation," and *second*, that a life estate is an estate within the meaning of the words " the next eventual estate." Applying these rules, the happening of the event which terminates the accumulation in this case is the arrival of Frederic at the age of forty years, and the next eventual estate is Frederic's life estate. The only difference in the situation here and that presented by the *Manice* case (*supra*) is that there a widow held a life estate while secondary life estates in the same corpus were created for her children. That Frederic, rather than some third person, has this life estate is immaterial, in the light of the fact that the next eventual estate is reckoned as the one taking effect upon the happening of the event which terminates the accumulation. (*Pray* v. *Hegeman*, 92 N. Y. 508; *St. John* v. *Andrews Institute*, 191 id. 254, 279.) Frederic, therefore, is entitled to take the excess income, and the contention of the respondents that the next eventual estate is the one which becomes operative on Frederic's death cannot be sustained.

Apart from the merits, the respondents contend that the appellants, as executors, have no standing to maintain this appeal, as parties aggrieved, within the meaning of section 557 of the Civil Practice Act. There are authorities which tend to support that rule of practice, but where questions of law only are presented, and it appears that the executors represent and have represented the interest of the one aggrieved throughout the proceeding, the courts are not disposed to impose the penalty of a " technical default." (*Matter of Thompson*, 279 N. Y. 131.) In the *Thompson* case (*supra*), as here, the real parties in interest were not parties to the appeal to this court or to the Court of Appeals, and the construction finally adopted, and which was favorable to them, was urged solely by the executor. The only question is whether or not there must be an express authorization, or whether such authorization may be implied from the circumstances. Examina-

tion of the record in *Matter of Thompson* (*supra*) discloses that it contains no statement that the executor was proceeding on authorization of the beneficiaries, except as inserted in the notice of appeal to the Court of Appeals. After our determination on the merits, the beneficiaries moved to amend the record by including them as parties to the appeal and, in support of that motion, made affidavits containing averments of authorization to the executor. We denied the motion. (254 App. Div. 701.) An appeal therefrom was dismissed by the Court of Appeals. Thus, such averments were not included in the case on appeal from our determination on the merits and, of course, were not included in the original case on appeal to this court. Here, the appellants' brief contains a statement to the effect that they represent Frederic's interests on this appeal. We deem the showing to be sufficient.

The decree should be modified by striking therefrom the provisions for payment of the accumulated income to the respondents as among those entitled to the next presumptive estate and by providing in lieu thereof that, as to the balance of two-thirds of the principal of the trust fund, Frederic J. Saddington is the person presumptively entitled to the next eventual estate and that the remaining two-thirds of such excess income earned by the trust fund be paid to Frederic J. Saddington until he shall attain the age of forty years. As so modified, the decree should be affirmed, with costs to appellants, payable out of the estate, and the matter remitted to the Surrogate's Court to proceed in accordance with this opinion.

JOHNSTON, TAYLOR and CLOSE, JJ., concur; LAZANSKY, P. J., in memorandum, dissents and votes to dismiss the appeal.

LAZANSKY, P. J. (dissenting). I dissent and vote to dismiss the appeal upon the ground that the appellants are not parties aggrieved. (*Matter of Chapal*, 278 N. Y. 495.) This record does not show that the executors have represented the main beneficiary and that this appeal was taken at his request, as was the case in *Matter of Thompson* (279 N. Y. 131). In their brief the executors say that Frederic has not appeared and they have represented him "in the proceeding thus far, in so far as is consistent with their fiduciary duties." Such alleged representation by the executors before the surrogate and on this appeal was entirely gratuitous.

Decree of the Surrogate's Court, Kings County, modified by striking therefrom the provisions for payment of the accumulated income to the respondents as among those entitled to the next presumptive estate and by providing in lieu thereof that as to the balance of two-thirds of the principal of the trust fund Frederic

J. Saddington is the person presumptively entitled to the next eventual estate and that the remaining two-thirds of such excess income earned by the trust fund be paid to Frederic J. Saddington until he shall attain the age of forty years. As so modified, the decree, in so far as appealed from, is affirmed, with costs to appellants, payable out of the estate, and the matter remitted to the Surrogate's Court to proceed in accordance with the opinion herein.