In the Matter of the Accounting of WALTER A. RODE, as Executor of CHARLES W. KUNZE, Deceased, Respondent. AZURE LODGE No. 868 OF THE FREE AND ACCEPTED MASONS OF THE STATE OF NEW YORK, by AUGUST C. KELLENBERGER, as Treasurer, et al., Appellants; MARGARET HEUNSCH et al., Respondents.

First Department, July 7, 1953.

*Francis E. Carberry* of counsel (*Stephen J. McTague* with him on the brief; *Alexander & Keenan,* attorneys), for appellants.

*Harry W. Starr* and *Arnold M. Karter* for Louisa Junker, respondent.

Peck, P. J. This case raises the interesting question of whether the policy of the law and practice of the courts of making effective a bequest to an unincorporated branch of an association, by directing that payment be made to the parent organization, is limited to charitable or religious organizations or whether it is consonant with that policy to apply the practice to a benevolent fraternal organization.

The will in this case divided a residuary estate into seven equal parts and bequeathed one part each to four individuals and three organizations. One of the organizations named was the Azure Lodge, an unincorporated association, which by compliance with the Benevolent Orders Law of the State of New York has the right to receive property by bequest. Another one of the organizations so favored by the testator was the Azure Fellowcraft Club, a standing committee of the Azure Lodge, composed of its members and formed as an instrumentality of the lodge in carrying out its ritualistic work. This club has no such legal identity as would permit it to receive a bequest.

It appears that the decedent was an active member of both the lodge and the Fellowcraft Club, and it is clear that he meant to devote a part of his residuary estate to the general purposes of the lodge and a part to the activities of the Fellowcraft Club. There is no problem, therefore, in either ascertaining or carrying out his intention. It is merely a matter of legal mechanics and of whether the law is sufficiently adaptable to carry out in this instance what is always regarded as the prime objective and governing spirit in estate administration, effectuation of the intention of the testator.

The learned Surrogate has held that the intention of the testator must be frustrated in this case, not because of any lack of clarity in the statement of that intention or impossibility of carrying it out or unavailability of legal method to do so, but because the method which the law recognizes and employs in such cases has been limited in his opinion to the aid of charitable or religious organizations.

Had the testator couched the bequest to the Azure Fellowcraft Club in the form of " to the Azure Lodge for the purposes of the Azure Fellowcraft Club ", there would be no question of the competency of the lodge to take the legacy for the purposes of the club. And if the lodge were a charitable or a religious organization, the bequest would be so treated and administered to the end that the purpose was effected. Why should not the same be done in the case of a benevolent fraternal organization?

We find nothing in the reasoning of the cases and little in the language which would curtail this simple and salutary legal aid to the precisely narrow field of charitable and religious organizations. It is true that the cases have arisen in connection with charitable and religious organizations and there appropriate affirmative action has been taken. We find no case, however, prior to this one where there has been a denial of this accommodation because the organization involved was not religious or charitable. It would not represent any change or disturbance in the law, therefore, to accord to the lodge in this case the treatment which has been consistently accorded to the declared beneficiaries of wills in other cases. None of the reasons for adhering to precedent militate against applying the rule which the lodge contends for in this case.

We will not undertake to review all the cases dealing with this treatment of bequests and will do no more than turn to the early cases in which the rule was established, to demonstrate that it was not born of any necessary religious or charitable connection and that neither in its nature or rationale should it be confined to religious or charitable connections.

The case most often quoted as the case from which the rule has stemmed is *Kernochan* v. *Farmers' Loan & Trust Co.* (187 App. Div. 668). There the bequest was to the "Knox Memorial (Methodist) Church, in Manila". There was no religious body in Manila known by that name but there was a church conducted by the Board of Foreign Missions of the Methodist Episcopal Church known as the Knox Memorial Church. The court held that the will was to be given effect by directing payment to the Board of Foreign Missions for the use of its branch church. Stating that the church could not take because not incorporated, the court observed that "the courts have evolved another rule of construction under which the appellant may take on the ground that the church designated was a branch of the appellant, or a local designation of the particular religious and missionary work which the appellant was conducting by and through this church at Manila, and, therefore, in order to sustain the legacy the corporation, a branch of which or of whose work the church was, will be permitted to take". (P. 672.)

There is nothing in the opinion to suggest that the religious motif was of the essence of the decision. The Court of Appeals affirmed (227 N. Y. 658) without stating more than the facts and the holding that "such church was meant by testator, and that, although not incorporated, it was a branch of the Board

of Foreign Missions of the Methodist Episcopal Church, and so that said board was entitled to said legacy.''

As the *Kernochan* case refers to the '' rule of construction '' which the courts have '' evolved '', it is interesting and helpful to look back in the evolution to *Matter of Isbell* (1 App. Div. 158) cited in the *Kernochan* case. There the bequest was to the Japan Mission under the direction of the Baptist Board of Foreign Missions, which could not take because of lack of legal identity, but the bequest was given effect by payment to the American Baptist Missionary Union, a duly constituted corporation of which the Japan Mission was a department. The court stated the ground for its decision as follows: '' We think that a bequest to a department of an incorporated society, which department is inseparable from the corporation, and can only be made effectual through the corporation, may be upheld as a bequest to the corporation itself. Especially so when this department has a distinctive name by which it is commonly known, and is, as in this case, the designation of a particular field or class of religious activities and charities which have the sanction of the law ''. (P. 162.) The religious activities of the legatee in that case were thus referred to as a makeweight, but the principle is stated in a broader frame with every indication that the decision would have been the same if a nonreligious body had been involved.

It seems to us that there is no reason why the clear intention of the testator, which may be so easily carried out by the use of recognized forms, should be defeated in this case upon any narrow distinction between a religious or charitable organization on the one hand and a benevolent fraternal organization on the other. The primary standard of estate administration and will construction should be followed in this case.

The decree should be reversed and payment of the legacy intended for the Azure Fellowcraft Club directed to be made to the Azure Lodge for the purposes of the Azure Fellowcraft Club.

GLENNON and BREITEL, JJ., concur; COHN and CALLAHAN, JJ., dissent and vote to affirm.

Decree, so far as appealed from, reversed, and the payment of the legacy intended for the Azure Fellowcraft Club is directed to be made to the Azure Lodge for the purposes of the Azure Fellowcraft Club.