In the Matter of the Accounting of MAURICE HELLER, as Executor of MORRIS A. FISCHER, Deceased, Appellant-Respondent. GUSSIE FISCHER et al., Respondents-Appellants; SAMUEL J. KRINN, Special Guardian for ERIC FLANDERS and Others, Infants, Respondent-Appellant.

First Department, July 7, 1953.

*Joseph Epstein* for appellant-respondent.

*Samuel J. Krinn,* special guardian for Eric Flanders and others, infants, respondent-appellant in person.

*William Sonenshine* of counsel (*Joseph J. Kozinn* with him on the brief; *Travis S. Levy,* attorney), for respondents-appellants.

CALLAHAN, J. The testator, Morris A. Fischer, died May 5, 1951, survived by his widow, four children, his mother, a brother and other kin. His estate amounts to $152,000. His will was admitted to probate on February 8, 1952.

The will, so far as pertinent, provides as follows:

" First. * * * I give, bequeath and devise to my brother Joseph Fischer all my right, title and interest in the following real estate: 1230 College Avenue, Bronx, N. Y., 2792 Morris

Avenue, Bronx, N. Y., 2101 Davidson Avenue, Bronx, N. Y., and 307 East 105th Street, New York City.

" Second. I hereby direct that one-third of all my property and estate wheresoever the same may be situate, be set apart as hereinafter provided for my wife Gussie Fischer and out of such one-third part I hereby give and bequeath to her the sum of ($2500.00) Twenty-five hundred dollars in cash upon my death. The remainder of the one-third part of my estate I hereby give, bequeath and devise to my Executors and Trustees hereinafter named, in trust nevertheless to invest and reinvest the same and to receive the rents profits and income thereof and to pay the net income thereof to my said wife in quarter annual payments during her life.

" The foregoing provisions in this the second paragraph of my will in favor of my said wife are in lieu of all claims which she may have as my surviving spouse, whether by way of an election to take an intestate share or otherwise. Upon the death of my said wife Gussie, I hereby direct that the residue and remainder of the said one-third part of my estate become part of my residuary estate. In the event that my said wife shall predecease me I direct that * * * the said one-third part of my residuary estate hereinabove referred to be deemed part of my residuary estate.

" Third. All the rest, residue and remainder of my estate, * * * I give * * * to my executors and trustees * * * in trust nevertheless to invest and reinvest the same and to receive the rents, profits and income thereof to the following uses and purposes.

" To pay over to my mother Annie Fischer * * * during her life time the sum of ($25.00) Twenty-five Dollars per week.

" The balance of said trust corpus and all accretions thereto to be held until my grandchild Eric Flanders shall be of full age and reach his twenty-first birthday. In the event my said grandchild shall not reach the age of twenty-one and shall sooner decease, I direct that the said trust be held until my grand-nephew Randy Garfinkle * * * shall be of the age of 21 years or shall sooner terminate by death, upon the occurrence of said contingencies, that is, the death of both my grandchild Eric Flanders in the event he does not reach age of 21 and the demise of my grandnephew Randy Garfinkle in the event he does not reach the age of 21, the trust herein provided for shall terminate and the trust corpus shall be distributed as follows:

" To my sister Rose Garfinkle or her issue surviving (10%) * * * of said trust corpus; to my sister Sarah Feigenbaum

or her issue surviving (10%) * * *. To my daughter Freida Fischer Flanders or her issue surviving (sic) (10%) * * * to my grandchild Eric Flanders or his next of kin surviving (15%) * * *. To my sons Sidney Fischer and Leon Fischer or their next of kin surviving (10%) ten percent each respectively of said trust corpus, that is a total of (20%) * * *. To my daughter Molly Fischer Smith I make no bequest. To my nephew Sidney Garfinkle or his issue him surviving, (10%) * * *; To my nephew Leon Garfinkle or his issue him surviving, (10%) * * *; To my niece Frieda G. Zainer or her issue surviving, (10%) * * *. To Randy Garfinkle and Barry Garfinkle my grandnephews, * * * (5%) * * * to be divided equally between them or the survivor."

The widow has filed a notice of election to take her share of the testator's estate as in intestacy, pursuant to section 18 of the Decedent Estate Law.

On or about May 5, 1952, the executor petitioned to settle his account and asked for construction of the will in respect to (1) whether the testator had amply provided for his widow in accordance with section 18, and (2) in what manner the executor was to establish the fund for payment of the annuity to the decedent's mother, and (3) what effect, if any, is to be given to the direction suspending the vesting of the corpus of the remainder during the minority of Eric Flanders and Randy Garfinkle (infants).

The question of construction involves paragraphs Second and Third of the will aforesaid.

The Surrogate pointed out that the provision for the widow was sufficient to satisfy her rights under section 18 of the Decedent Estate Law. He determined that the trust for her benefit was intended to be made up of a sum equaling one third of the whole estate, including the testator's equity in the real estate devised to testator's brother. There appears to be sufficient property to set up such a trust without disturbing the devise to the brother. The Surrogate also pointed out that the provisions relating to the trust for the mother should be construed as providing for an annuity, and, therefore, her life was not to be a measuring life in determining whether there was an unlawful suspension of alienation.

The Surrogate construed the trust for the widow as being measured by her life, the lives of Eric Flanders (a grandson), and Randy Garfinkle (a grandnephew), and, therefore, determined that the trust was unlawful as suspending alienation for three lives. We agree with this conclusion. He determined,

however, that the life of Randy Garfinkle should be excised as a measuring life. Because he found the residuary bequests created only contingent remainders, and, as there were substitutional gifts provided, the Surrogate determined that there might not be any acceleration of such remainders, and that intestacy had resulted as to the principal of the wife's trust.

It is only with respect to this last branch of his decision that we differ with the Surrogate. If the residuary provisions of the will may be fulfilled and intestacy avoided by following other legal steps, that course would seem proper and preferable.

It will be noted that during the lives of the grandson and grandnephew no provision is found for the payment of income to anyone. If the wife died before both of these minors, their lives would merely provide an hiatus or period of delay on passing the estate to the residuary legatees. Any trust during these two lives, would be entirely dry or passive. There would be necessary accumulation of income during this period, and, as some of the residuary legatees who would be benefited by such accumulation were adults, the provision continuing any trust for these two measuring lives or minorities would be illegal (Personal Property Law, § 16; Real Property Law, § 61; *Kalish* v. *Kalish*, 166 N. Y. 368).

It, therefore, seems to us that instead of merely excising the measuring life of the grandnephew to avoid unlawful suspension of alienation, his life being selected because his name happened to be the last measuring life referred to in the will, it would be proper and necessary to expunge the two measuring lives of both the grandchild and grandnephew for illegality. The will would then read as if it provided for payment of the principal of the widow's trust into the residuary estate immediately upon her death. Invalidity in the provisions for the creation of trusts may be disregarded without invalidating the whole trust, when the main purposes of the settlor may be carried out, and where the illegal provisions are subordinate and separable (1 Scott on Trusts, p. 405; *Cochrane* v. *Shell*, 140 N. Y. 516, 536). If the grandchild and the grandnephew should live and remain minors for some period after the death of the widow, the trustee would hold the principal of her trust during such additional period merely to pass it on to the residuary legatees at some later date. Such provisions would clearly be separable and subordinate to the main purposes of the trust. The trust would be passive during such times, and, therefore, would be deemed executed by the passing of the estate to the residuary legatees immediately upon the widow's death. When invalid provisions are eliminated

from trusts, the property passes to the next eventual estate. The next eventual estate in this case would be the estate which took effect upon the happening of the event terminating the unlawful period of accumulation (*Manice* v. *Manice,* 43 N. Y. 303; *Matter of Saddington,* 260 App. Div. 135). We see no reason why the rule of construction which we suggest may not be followed here, even if it be assumed that the remainders granted under the residuary clause were contingent in nature. The course suggested would not result in acceleration by excising any valid intermediate estate. There was no estate granted for the benefit of anyone, except possibly the residuary legatees during the period eliminated. By deeming the passive trust executed the estate of the residuary legatees is granted without delay, and the intent of the testator carried out to the extent that it was legal. The limitation on the rule concerning acceleration will have no application.

The distributees also appeal from the denial of their application to resettle the original decree to the extent of providing for a reservation of the allowance of counsel fees in the final decree to be entered on settlement of the executor's account. The Surrogate, however, denied the motion for resettlement evidently on the ground that an allowance of counsel fees must be made at the time of entering the decree on construction. It would seem that the application should have been granted. This proceeding was originally instituted on a single petition asking for settlement of the executor's account, plus construction of the will. The proceeding can terminate in only one decree. As the matter now stands there will be two decrees, viz., (1) on construction, and (2) on settlement of the executor's account. The " decree " on construction should be regarded in the nature of an intermediate order and not so final as to prevent an allowance or reservation of an allowance for counsel fees in the final decree to be entered on settlement of the executor's account. In any event, these appellants point out that the notice of settlement in this case submitted by the executor referred to settlement of " an order " so as to lull the distributees into a false sense of security. At the time they had no reason to anticipate that the construction of the will would result in a " decree " too late to provide for allowance of counsel fees to the attorneys for the parties participating in the construction of the will.

The decree should be modified by expunging provisions with respect to the rights of Eric Flanders and Randy Garfinkle, and by granting the motion for resettlement to the extent of pro-

viding for a reservation of the allowance of counsel fees in the final decree to be entered on the settlement of the executor's account.

Dore, J. P., Cohn, Breitel and Bergan, JJ., concur.

Decree unanimously modified in accordance with the opinion herein and, as so modified, affirmed. Settle order on notice. [See *post,* p. 866.]