Joseph A. Cox, S.
The fourth article of the testator’s will bequeathed one fifth of his residuary estate in trust for the benefit of his two sisters and six charities. He directed that $1,200 of the trust income be paid annually to each sister and that stated annual sums be paid to the respective charities. The annual income so disposed of totalled $5,000 and the testator, anticipating the possibility that the trust might not yield that amount, authorized his trustees, in their sole judgment and discretion, to provide any deficiency from principal. The will omits an express provision as to the disposition to be made of annual income in excess of $5,000 during the lifetimes of both sisters or in excess of $3,800 after the death of only one of them hut does contain a very explicit direction as to the application of excess income following the deaths of both sisters. *979 This direction is that after payment of the stated annual sums to the six named charities the remaining income be paid to the Henry Spenadel Fund for Advancement of Education in Dentistry as an addition to another residuary trust which the testator had created to benefit that fund. The testator expressed this purpose as follows: “ Upon the decease of my dear sisters, Blanche Wortmann and Annie Greenberger, I direct that all payments to them under this trust shall cease, and I direct my Executors and Trustees, after paying the sums required to be paid by the provisions of subdivision ‘ (e) ’ ‘ (3, 4, 5, 6, 7 and 8) ’ of this paragraph, to the beneficiaries named therein, to pay each year the remaining income of this trust, if any, to the Henry Spenadel Fund for Advancement of Education in Dentistry, as an addition to the trust herein created for the Henry Spenadel Fund for Advancement of Education in Dentistry.”
The fact is that during the lifetimes of both sisters the net trust income exceeded $5,000 annually and following the death of one sister such income exceeded $3,800 annually, the amount required to provide the stated annual payments to the surviving sister and the six charities. The court is asked to determine the disposition required to be made of the surplus income during such periods, whether by construction of the will or by operation of law.
It may be argued with some plausibility that in view of the testator’s clear purpose to provide substantial benefits for the Henry Spenadel Fund and his direction that upon the deaths of his sisters the payments to the six charities be continued and ‘ ‘ the remaining income of this trust ’ ’ be paid to the Henry Spenadel Fund there is, by necessary implication, a gift of excess income to the Fund from the initiation of the trust and that this is one of the occasions “ where common sense and justice require that the courts correct situations resulting from obvious error or omission in wills ” (Matter of Englis, 2 N Y 2d 395, 402). The opinions in the cited case and Matter of Slater (3 N Y 2d 109) are admonitions that gifts by necessary implication are rarae aves and in the case at bar a rewriting of the will is not required to effect the result which is in keeping with the tenor of the will and for this reason a completion of the testamentary scheme of the testator.
The purpose of the testator to limit his sisters as well as the six charities to annual income in the amounts stated by him is clear. He did not intend these income payees to be beneficiaries of the full trust income nor did he intend them to be in the position of annuitants, for invasion of principal to provide *980 any income deficiency was placed in the sole discretion of his trustees. The income in excess of the total required to meet the payments specified by the testator is surplus income to he disposed of pursuant to section 63 of the Real Property Law, and accordingly is payable to the person presumptively entitled to the next eventual estate. That person is the Henry Spenadel Fund (Manice v. Manice, 43 N. Y. 303; Matter of Saddington, 260 App. Div. 135; Matter of Fischer, 282 App. Div. 367; Matter of Roeser, 155 N. Y. S. 2d 108; Matter of Ginsburg, 102 N. Y. S. 2d 827) .
The Henry Spenadel Fund is not a legal entity, a fact of which the testator was aware, for he provided in his will that the income to which the fund would be entitled be paid to the First District Dental Society in New York. The uncontroverted allegations of the petition herein are that the latter society is a New York corporation with which the testator entered into a written agreement as to the creation and application of the fund bearing his name. Payments of income will be made to the corporation for the purpose intended by the testator (Kernochan v. Farmers’ Loan & Trust Co., 187 App. Div. 668, affd. 227 N. Y. 658; Prudential Ins. Co. v. New York Guild for Jewish Blind, 252 App. Div. 493; Matter of Rathbone, 170 Misc. 1030, 1059, affd. 262 App. Div. 706, affd. 287 N. Y. 708; Matter of Kunze, 282 App. Div. 300).
Submit decree on notice accordingly.