Joseph A. Cox, S.
The will which is the subject of this proceeding for its construction was drawn by the testatrix without professional help. Written in her own handwriting, its execution satisfied the statutory conditions imposed upon its admission to probate but virtually all of its dispositive provisions leave the purposes of the testatrix in doubt requiring its submission to this court for clarification.
After designating the executor and directing the payment of all debts the will goes on to say:
‘ ‘ 1. Pay all my debts :-
Funeral—last rites, Cremation
“ 2. Other personal debts, (assistance and kindness).
Agnes Carruth (Sister of Ann G. Graham)
2475 Elm P., Bronx, N. Y.
Ann Schultz R.N. 412 — E. 51st St., N. Y. C.
*134 Rita A. Lydon R.N. Berlin, New Hampshire
Dr. Desiderus Grossberg—Veterans Hospital, Northport, L. I.
$100.00 (One Hundred Dollars) each.
Harry M. Wilmer — Decatur, Georgia
Florence Knaggs — 456 Kings Ave., City Island, N. Y. C.
$50.00 (Fifty Dollars) each.
‘ ‘ 3. My late husbands debts, which I wish paid.
Anthony Klem—(KLEM) Bohemia, Long Island
Stephen Marldssini^ — Inquire David G. Godwin—L.L.D. Paramount Bldg.
$100.00 (no interest) each.
“ 4. Sanctuary of The Masters Presence, 9 E. 72nd St. N. Y. 0.
Wills Eye Hospital —Phila., Pa.
Crippled Children—N. Y. C.
Runyan Cancer Fund
Light House N. Y. C. (assoc, to assist the Blind.)
Sister Kenny Foundation
$500.00 (Five Hundred) Dollars each.
“ 5. Bertha Wilmer or her husband, Wm. E. Wilmer.
P. Harrisen Garrett.
Earle W. Garrett
In addition to Insurance Policy — Mutual of NY (For which I am still paying.) and Equitable Life Assurance—(Horace E. Hoyer — Insurance)
Give $500.00 (Five Hundred) Dollars each.
“ 6. I wish all other assets which I now hold or which may come to me from any source to be held for two years, from-date-of death-and then- given to-any of the-above mentioned in No. 5—who may need it badly for medical assistance — then the remainder to be divided among my afore mentioned benevolences. ’ ’
Construing paragraph 2 the court holds that the legatees Agnes Carruth, Ann Schultz, Rita A. Lydon and Dr. Desiderus Grossberg are entitled to legacies of $100 each and Harry M. Wilmer and Florence Knaggs to legacies of $50 each.
The individuals designated in paragraph 3 apparently as creditors of the decedent’s husband have not asserted claims against the estate. They are nevertheless entitled to the legacies provided for them in that paragraph and the court so holds.
The charitable legatee designated in paragraph 4 as “Wills Eye Hospital—Phila., Pa.” is an institution devoted to the treatment of diseases and the pathology of the eye. It is conducted by the City of Philadelphia in its corporate capacity *135 as trustee. The legacy of $500 provided for that institution in paragraph 5 may, therefore, be paid to the City of Philadelphia as such trustee (Kernochan v. Farmers Loan & Trust Co., 187 App. Div. 668, affd. 227 N. Y. 658). The bequests to the other legatees mentioned in that paragraph have not been questioned by the Attorney-General nor by any person interested in the estate. They may accordingly be discharged by payment to the designated organizations whose proper corporate names appear in the petition and citation.
The bequests of $500 each provided for in paragraph 5 may be satisfied by payments to Bertha Wilmer individually or as the representative and sole distributee of her husband, William E. Wilmer, to P. Harrison Garrett and Earle W. Garrett. The insurance policies referred to in that paragraph designated specific beneficiaries and could not be the subject of testamentary disposition (Matter of Brown, 27 Misc 2d 821).
The attempted bequest of the residuary estate provided for in paragraph 6 is wholly and completely void. Not only does it provide for an unlawful accumulation of income (Personal Property Law, § 16) but in addition it constitutes a clear violation of the rule against perpetuities (Real Property Law, § 42; Personal Property Law, § 11). The gift to the beneficiaries identified by their inclusion in paragraph 5 and to those others described as “my benevolences” could not vest until the two-year period ha.d lapsed. This brings this will squarely within the doctrine of the decision of the Court of Appeals in Matter of Roe (281 N. Y. 541). In that case the testatrix left her residuary estate in trust for the benefit of her nephew and his children for life with remainder over for charitable purposes. The gift was conditioned upon the executors being able to locate the nephew and his family within a period of two years after their appointment. Holding that the bequest was void for remoteness the court said at page 548; ‘‘ The theory that the estate vested in the charity at the time of decedent’s death, subject to being divested upon discovery of the nephew or his family, is clearly contrary to the expressed intention of the testatrix. What she intended to provide and did provide was that the vesting of the estate should be held in abeyance for a period of two years during which a search should be instituted for the discovery of the nephew or, in the event of his death, of his children if he left any; that if, during that period of two years such discovery should be made, the nephew or his family, as the case might be, should get the estate.”
The contention that the remainder to the ‘ ‘ benevolences ’ ’ is vested in this case is met by the court’s further observation *136 in Matter of Roe at page 549: “ Remoteness of vesting affected both clauses of the will. Since the attempted gift under clause nineteenth was void as vesting was contingent upon an event other than the termination of one or two lives in being, the limitation over to the hospital, dependent upon the same contingency, cannot be sustained by regarding it as accelerated or vested as of the date of death of the deceased (Rose v. Rose [4 Abb. Ct. App. 108], supra). As to the residuary estate, the deceased died intestate.”
Upon the authority of the case cited the court holds that the gift of the residuary estate was wholly ineffective and that the property which the testatrix sought to dispose of by that gift passes as in intestacy. Submit decree on notice settling the account and construing the will in accordance with the rulings made herein.